ELIZABETH GRIERSON ALLISON et al. v. SAMUEL S. HITCHCOCK et al., Appellants.

Division Two, July 14, 1925.

1. **WILL: Presumption of Intention to Dispose of Whole Estate.** The testator, who had no children, gave, devised and conveyed to his wife "all of my real estate." He then recited that "my real estate consists of premises known as 2732 and 2734 Clark Avenue, and 2630 Laclede Avenue, which she shall enjoy without let or hindrance . . . for her lifetime. . . : In the event of my wife's death, I desire that the Clark Avenue property be given to my sister and her daughter, if both are living, to share alike. In the event of the death of either, her share shall revert back to other heirs." The property in dispute was not described nor specifically mentioned in the will, but was acquired by testator after he executed his will, which described all the property he owned at that time. *Held, first,* a presumption that the testator intended to dispose of his whole estate and did not intend to die intestate as to any of it is indulged when it appears consistent with his intention, but when the language of the will manifests a contrary intention the presumption fails; *second,* the presumption cannot be indulged, because the Clark Avenue and Laclede Avenue properties are given to the widow for life, and the remainder in the Clark Avenue property to testator's sister and daughter, but the remainder in the Laclede Avenue property is not devised at all, and the definite failure to dispose of that remainder and the mention of "other heirs" in connection with the Clark Avenue property manifest an intention which prevents a presumption that he did not intend to die intestate as to any of his property; and, *third,* the will did not devise to the wife said after-acquired property.

Allison v. Hitchcock.

2. ———: ———: **All My Real Estate: After-Acquired Property.** The will will not be held to devise after -acquired real estate where the words used refer only to things as they existed at the date of the will. Where the will gave to testator's wife "all of my real estate" and then said that "my real estate consists of" certain described property, "which she shall enjoy without let or hindrance . . . for her life time," the words "all my real estate" did not carry sufficient force to include after-acquired real estate, but the words "my real estate consists of" can refer to nothing else than "all my real estate" which he then possessed.

3. ———: **Devise of All My Real Estate: Subsequent Ambiguous Clause.** A devise of an estate in fee cannot be cut down to a lesser estate by a subsequent clause unless the language used in the subsequent clause is as clear, plain and unequivocal as the language of the first clause; but where the testator gave, devised and conveyed to his wife "all my real estate" and then immediately said that "my real estate consists of" certain described property, "which she shall enjoy without let or hindrance . . . for her life time," and said described property was all the real estate he owned at the time the will was made, the last sentence, even if it could be construed as another clause of the will, is as clear and plain as the first, and is as clear and unequivocal as language can be made to show an intention that the wife was to have only a life estate in the real estate devised; and the will by the first sentence, giving, devising and bequeathing "all my real estate" to his wife, did not give her the fee in his after-acquired real estate, but referred only to property he owned and had in mind at the time the will was written.

Corpus Juris-Cyc. References: **Wills,** 40 Cyc. p. 1386, p. 85; p. 1388, n. 90; p. 1392, n. 11; p. 1409, n. 4; p. 1411, n. 9; p. 1557, n. 5; p. 1585, n. 87; p. 1587, n. 95; p. 1588, n. 2.

Appeal from St. Louis City Circuit Court.—*Hon. Robert W. Hall,* Judge.

Affirmed.

*James C. Shaner* and *Forrest G. Ferris* for appellant.

(1) Under the Missouri statutes the will is considered as speaking from the moment of the death of the testator, unless the intention of the testator appears

to be otherwise. Liggat v. Hart, 23 Mo. 127, 138; Webb v. Archibald, 128 Mo. 299, 304; McMahan v. Hubbard, 217 Mo. 624, 637. (2) A general devise, without mentioning after-acquired real estate, sufficiently indicates an intention to include it, and an intention that all the testator had at his death shall pass. R. S. 1919, sec. 505; Rood on Wills, sec. 526; Webb v. Archibald, 128 Mo. 299, 304; McMahan v. Hubbard, 217 Mo. 624, 637. (3) "I hereby give, bequeath, devise, convey, set over, and confirm unto my beloved wife, Liza Mungall, all of my real estate" (and personal property) is sufficient to pass an absolute fee simple title to all real estate testator owned at the time of his death, including that which he acquired after the execution of the will. R. S. 1919, sec. 551; Rood on Wills, secs. 510, 520; Thornbrough v. Craven, 284 Mo. 552, 561; Webb v. Archibald, 128 Mo. 299, 304; Mueller v. Buenger, 184 Mo. 458, 479. (4) There are no expressions contained in the will of George Mungall whereby it appears that the devise of after-acquired real property to his wife was intended to convey a life estate only, and no further devise having been made of the said after-acquired property, it is understood to be the intention of the testator thereby to devise an absolute estate in the same to his wife, and the will conveys to her an estate in fee simple. (5) In the construction of a will the court always starts out with the presumption that the testator intended to dispose of his whole estate, and not to carve out a particular estate and dispose of that, leaving the remainder to descend to heirs at law according to the Statute of Descents and Distributions. A will that is fairly susceptible of being construed into a testamentary disposal of his whole estate will be so construed in preference to construing it to be a case of partial intestacy. Meiners v. Meiners, 179 Mo. 614, 626; Tebow v. Dougherty, 205 Mo. 315; McMahan v. Hubbard, 217 Mo. 624, 637; RoBards v. Brown, 167 Mo. 447, 457. (6) It is the rule where property is given in clear language sufficient to convey an absolute fee, the interest thus given shall not be taken away, cut down or di-

minished by any subsequent vague and general expressions. The language in such subsequent clause, to be sufficient to cut down or lessen the first grant, must be as clear, plain and unequivocal as the language of the first grant. Cornet v. Cornet, 248 Mo. 184, 223; Roth v. Rauschenbusch, 173 Mo. 582; Thornbrough v. Craven, 224 Mo. 552, 562; Gannon v. Albright, 183 Mo. 238; Sevier v. Woodson, 205 Mo. 202, 214; R. S. 1919, sec. 551. (7) The particular description, "my real estate consists of premises known as 2732 and 2734 Clark Avenue and 2630 Laclede Avenue," following the grant of "all of my real estate," was intended merely as an exhibition of the location and extent of the devisor's landed estate then owned by him, and not as a limitation of the preceding grant as applicable to after-acquired real estate. Durboraw v. Durboraw, 67 Kan. 139; Luers v. Luers, 145 Iowa, 600; Hodgkins v. Hodgkins, 123 N. Y. App. Div. 110; Haley v. Gatewood, 74 Tex. 284; Appeal of Allen, 125 Pa. 544; Noel v. Noel, 109 Kan. 440. (8) The trial court erred in deciding that the testator died intestate as to the real estate in controversy. For authority, the court's memorandum refers to the case of Dunlap v. Hart, 274 Mo. 600, a case which does not support the court's decision.

*F. E. Williams* and *Lubke & Lubke* for respondents.

(1) When a testator has not disposed of his property by will, the courts cannot, under guise of construction, make a new or corrected will for him to pass such property. Page on Wills, sec. 466. (2) We must gather the intention of the testator from all the provisions of the will. To ascertain this we must consider the conditions which surrounded him at the time of its execution. Doneghy v. Robinson, 210 S. W. 657. (3) In construing a will, the court should put itself in the place of the testator and read the same in the light of the testator's environment at the time of the execution of the will. Clotilda v. Lutz, 157 Mo. 439; Simmons v.

Cabanne, 177 Mo. 336, 354; RoBards v. Brown, 167 Mo. 447, 461. (4) The general expressions of the testator, ''I dispose of my real and personal property,'' and ''I . . . devise . . . all of my real estate,'' are referable to the property at the time the will was written and not to the date it took effect. Simmons v. Cabanne, 177 Mo. 336, 354; RoBards v. Brown, 167 Mo. 447, 461. (5) The presumption that a testator in making a will intends to dispose of his entire estate and not to die intestate as to any part of it, cannot prevail in the absence of language sufficient to carry the entire estate, or in the face of words and provisions inconsistent with the presumption. Smith v. Hutchison, 61 Mo. 87; Farish v. Cook, 78 Mo. 220; Tillerson v. Taylor, 282 Mo. 211. (6) When the testator makes a general devise of all his property, or all his real estate, or all the rest or residue of it, and then proceeds to enumerate it, the question arises as to whether the addition is restrictive or not. When the testator expressly or by clear implication refers to the then existing state of things, after-acquired property will not pass by the devise. Rood on Wills, sec. 527; Decedents' Estates and Wills, Woerner, sec. 412. (7) The specific description, ''my real estate consists of premises known as 2732 and 2734 Clark Avenue and 2630 Laclede Avenue,'' is an explanation and definition following the grant of ''all of my real estate'' and prevents this grant from opening up to include after-acquired real estate. Dunlap v. Hart, 274 Mo. 600; Rood on Wills, sec. 527; Farish v. Cook, 6 Mo. App. 328, 332; 12 C. J. p. 528. (8) Where the testator makes a general devise of all his property or the residue thereof and enumerates or describes it, or makes a devise of his interest in certain property, and expressly or by clear implication refers to the then existing state of things, after-acquired property or additional interest will not pass by such devises. Dunlap v. Hart, 274 Mo. 600; Mueller v. Buenger, 184 Mo. 458; Hale v. Audsley, 122 Mo. 316; Smith v. Hutchison, 61 Mo. 83; Farish v. Cook, 78 Mo. 212.

WHITE, J.—An action to determine title. George Mungall, the common source of title, died June 17, 1913, leaving a will. He left a widow, Eliza, or Lizzie Mungall. Afterwards she married Samuel S. Hitchcock, and died October 5, 1919, leaving a will in which she devised all her property to her surviving husband, Samuel S. Hitchcock, for life, with remainder to her stepson, Louis G. Hitchcock. They are defendants.

Mungall left no children or descendants. The plaintiffs are his collateral heirs, his brothers and sisters, and their descendants, and as such heirs claim the property in dispute, mentioned in the record as the Clifton Place property. The defendants assert that they acquired the property through Lizzie Mungall, the widow, and that George Mungall in his will devised it to her in fee simple. The plaintiffs claim that the will of George Mungall did not mention or dispose of the Clifton Place property. The will, omitting formal parts, was as follows:

"I dispose of my real and personal property as follows:

"FIRST: I desire that my honest debts be paid.

"SECOND: I hereby give, bequeath, devise, convey, set over and confirm unto my beloved wife, Lizzie Mungall, all of my real estate, money in bank, cash on hand, my business goods and chattels and all personal property.

"My real estate consists of premises known as 2732 and 2734 Clark Avenue, and 2630 Laclede Avenue, which she shall enjoy without let or hindrance, but shall have quiet and peaceable possession thereof for her life time. I request that she take care and maintain my sister, Mrs. Elizabeth Grierson, and her daughter, Isabelle Grierson, during their life. In event of my wife's death, I desire that the Clark Avenue property be given to my sister, Mrs. Elizabeth Grierson and her daughter, Isabelle, if both are living to share alike. In the event of the death of either, her share shall revert back to other heirs."

The disposition of the case turns upon the construction of this will. If by that will George Mungall devised to Lizzie Mungall the Clifton Place property in dispute

here, which is not described nor specifically mentioned therein, then the title passed to the defendants. If, however, George Mungall died intestate as to that property, the plaintiffs acquired the title. The trial court found that the will did not dispose of the property, rendered judgment for the plaintiff, and defendants appealed.

I. The first rule in construction of a will is to determine the intention of a testator, and that intention must be gathered from the language used Presumption in the light of the circumstances surrounding. Against Intestacy. [Doneghy v. Robinson, 210 S. W. l. c. 657, 658.]

The evidence shows that the Clifton Place property was acquired by George Mungall after he executed his will, which described all the property he owned at that time. Appellant seeks to apply to this case a presumption that the testator intended to dispose of his whole estate and did not intend to die intestate as to any of his property. Such a presumption is indulged by the courts when it appears consistent with the intention of a testator, but when the language of the will shows a contrary intention, that presumption fails. [Tillerson v. Taylor, 282 Mo. l. c. 211; Farish v. Cook, 78 Mo. l. c. 221; Williamson v. Roberts, 187 S. W. 19.] In the case last cited the will contained this clause: "I desire that all the rest and residue and remainder of my estate be disposed of as the law directs." It was contended that that clause was a testamentary disposition of the property so as to include unnamed heirs; the court held, however, l. c. 20, that the effect of the clause was to show that the testator intended to die intestate as to the residue of his property.

A similar intention is shown by the language of the will here. The Clark Avenue and the Laclede Avenue properties are given to the widow "for her life time." In the Clark Avenue property the remainder was to go to Elizabeth Grierson, testator's sister, and her daughter, and upon a certain contingency it was to "revert back to

other heirs." In the Laclede Avenue property no remainder was provided for. This definite failure to dispose of that remainder, the mention of "other heirs," the language he used and refrained from using, show his intention to die intestate as to what was not specifically disposed of. Therefore, the presumption that he did not intend to die intestate as to any of his property does not obtain.

II. It is further argued by appellant that the will speaks as of the moment of the testator's death and takes effect upon his property as he possessed it then, so that in this case after-acquired property would After- pass although it is not mentioned in the will, and Acquired Lands. passed to Eliza Mungall under the second clause of the will where he bequeathed to her "all of my real estate."

Here, too, the intention of the testator is to be gathered from the language of the will and it will not be held to have the effect suggested where the words used show they refer to things as they existed at the date of the will. [Webb v. Archibald, 128 Mo. 1. c. 307; Mueller v. Buenger, 184 Mo. 1. c. 478; RoBards v. Brown, 167 Mo. 1. c. 461.] This makes it necessary to examine more closely the language of the will.

The appellant claims that the expression "all of my real estate" carries sufficient force to include after-acquired land, and that the specific mention of the Clark Avenue and the Laclede Avenue property would not limit or prevent the general force of that expression. Did the testator by that expression intend to include any real estate other than that which he owned at that time, mentioned particularly in the next sentence and paragraph? He says: "all of my real estate;" then, "my real estate consists of" the Clark Avenue and the Laclede Avenue property. The expression, "my real estate consists of," can refer to nothing else except "all of my real estate" mentioned in the preceding sentence. In the first sentence he gives all his real estate to his wife, Elizabeth

Mungall. In the second sentence mentioning Clark Avenue and Laclede Avenue property he says, "which she shall enjoy without let or hindrance." "She" of course, refers to Eliza Mungall in the preceding sentence. If there was any intention to make a general disposition to her, and then a special disposition of other property to her, it looks as if the name would have been repeated in the specific bequest, but "she" used in the next sentence, refers to Eliza Mungall and to "all of my real estate" in the preceding sentence. All of these expressions show an intimate connection between the two sentences, uniting them as one statement of the property and the person to receive the property. It would be a strange construction to hold that the testator had any intention to include in the disposition to his widow any property other than that specifically described.

III. A further rule invoked by the appellant is that where the language of the will is sufficient to convey an absolute fee, the interest cannot be cut down by subsequent vague and general expressions. The argument is that the devise of "all of my real estate" All My Real Estate: Subsequent Clause. expresses a devise in fee, and that it cannot be cut down by the following sentence. Of course, if that expression was intended to vest a fee in Eliza Mungall, then it could not be cut down without a clear intention, but there is a clear intention in the next sentence to cut down the fee to a life estate, so far as the Clark Avenue and the Laclede Avenue properties are concerned, and that is all the property mentioned. The rule is stated in case of Cornet v. Cornet, 248 Mo. 184, where the authorities are collated and the rule is quoted from an earlier case, l. c. 224; it is there said that such an estate cannot be cut down by a subsequent clause of the will "unless the language used in such subsequent clause is clear, plain and unequivocal *as* the language of the first grant." If the second paragraph could be construed as another clause of the will, the language is as unequivocal and as clear as it can be

made to show that only a life estate is intended in the real estate devised.

The argument of appellant is that the expression, "I hereby give, bequeath," etc., "all of my real estate," affects real estate other than that described in the next sentence. Here is a clear intention of the testator to give his widow a life estate only in all the real estate he possessed; all he could possibly have in his mind at the time. We are asked to construe this will so that it gives her a fee simple in after-acquired real estate, not mentioned or thought of at the time. The second paragraph of the second clause of the will is not another clause; it is another sentence so intimately connected in language, purport and meaning, with the previous sentence, that it all goes together and means the same thing as if the two sentences were connected by the word "and."

It has been held that the expression, "my property" is referable to property at the time the will is written. [Simmons v. Cabanne, 177 Mo. l. c. 354.] Here the testator in the first sentence speaks of "all my real estate," and in the next says, "my real estate consists of." "My real estate" must mean the same thing, and affect the same thing, in the second sentence as it does in the first.

The will is almost exactly the same in terms as that in the case of Dunlap v. Hart, 274 Mo. 600, l. c. 603, where it was held that the will did not include after-acquired property. In that case the will gives all of the real estate to the wife of the testator, and then uses the expression, "and described as follows." The only difference between the language in that case and in the present is that the description is connected with the words of general gift by the word "and." Appellant, however, points out that in the Hart case the land described in the will was sold before the testator's death, and other real estate, the property in dispute in that case, was acquired afterwards; whether with the proceeds of the first, or not, is not determined. The court held that the conveyance of the property mentioned in the will was an ademption

of the devise; that by conveying property upon which the will was to operate the testator *pro tanto* revoked the will, and therefore it would not operate upon future-acquired real estate.   It is true the Hart case turned upon that principle, but Judge FARIS, who wrote the opinion in that case, held (l. c. 604) that the will made a *specific devise* to the wife of the lands mentioned.   The will in this case is a specific devise.   The testator in giving "unto my beloved wife Eliza Mungall all of my real estate" devises specifically the real estate he then had in possession.   In order to remove all doubt about it being such real estate as he had then he says "my real estate consists of" certain property.   Language could not more clearly express a specific devise unless the two sentences were connected by the conjunctive "and."

We think the trial court correctly construed the will, and the judgment is affirmed.   All concur.