Courtney USSHER, Individually and as Co-Executrix of the Will of James B. Bergs, Deceased, Respondent,

v.

MERCANTILE TRUST CO., as Co-Executor and Co-Trustee Under the Will of James B. Bergs, Deceased, Respondent, Virginia Johnson Parker and Mildred Johnson Hodge, Appellants.

No. 47306.

Supreme Court of Missouri,

Division No. 2.

Nov. 9, 1959.

Ziercher, Tzinberg, Human & Michenfelder, Herbert W. Ziercher, Clayton, for appellants.

Robert F. Schlafly, Keefe, Schlafly, Griesedieck, & Ferrell, St. Louis, for respondent Mercantile Trust Co.

Thomas S. McPheeters, Jr., Edwin S. Taylor, St. Louis, for respondent Courtney Ussher, individually and as co-executrix. Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

BOHLING, Commissioner.

The principal question presented by this appeal is whether the widow of James B. Bergs takes the remainder interests in two trust funds created by Items Third and Fourth of his will, the material portions of which are hereinafter stated, as intestate property. Testator named his wife (now Mrs. Courtney Ussher) and Mercantile Trust Company, a corporation, as testamentary co-trustees and co-executors. Mrs. Ussher, respondent here, instituted this suit against Virginia Johnson Parker and Mildred Johnson Hodge, the other beneficiaries named in testator's will, and her co-trustee and co-executor for a construction of her former husband's will. After providing for certain specific bequests to plaintiff, testator created two testamentary trust funds of the balance of his estate, a first trust fund in Item Third and a second trust fund in Item Fourth, each being for the benefit of plaintiff for life. Plaintiff was vested with the power of appointment by last will and testament over any remainder of the first trust fund but any portion thereof over which she failed to exercise such power was to be added to testator's "residuary estate and pass under the provisions of Item Fourth of this will," but said Item Fourth did not dispose of the remainder interests. Plaintiff contends, in these circumstances, she takes said remainder as intestate property under § 474.010(1) (b) Statutory references are to RSMo 1949 and V.A.M.S. Defendants Parker and Hodge, appellants here, contend the last clause of Item Fifth, quoted infra, constitutes in effect a residuary clause and passes said remainder interests to them. It was stipulated that the approximate value of testator's distributable estate is $330,801, and plaintiff's position is that one-half thereof constitutes the remainder interest under the will. We have jurisdiction by reason of the amount in dispute.

The trial court found in favor of plaintiff and defendants Parker and Hodge have appealed.

The pertinent parts of the will of James B. Bergs follow:

Item First directed the payment of his debts and all "taxes, duties or levies" of a United States or state inheritance or succession nature from the "residue of" his estate and not charging any part of the same "against the share of any beneficiary hereunder."

Item Second gives to testator's wife, Courtney, all his clothing, jewelry, household furniture, "and all other personal chattels of a strictly personal nature" as distinguished from testator's "personal property of an investment or estate nature, the latter of which are hereinafter disposed of."

Item Third: "In the event my wife, Courtney, shall survive me, I give and bequeath to Mercantile Trust Company * * * and to my wife, Courtney" as co-trustees "an amount equal to the maximum marital deduction" allowable under the Internal Revenue Code of the United States (see § 2056(b) (5) (c), 26 U.S.C.A.), in trust, sometimes referred to as "first trust fund," in said will. The trustees are directed to pay the net income of "this first trust fund and of the second trust fund hereinafter described" to plaintiff "in quarter-annual or more frequent installments as long as she shall live." The trustees are authorized to encroach upon the "principal of the first trust fund" "for the maintenance, support and comfort of" plaintiff. The trustees are further directed to distribute the remainder of "this first trust fund" as plaintiff may "appoint in her last will and testament." If the power of appointment vested in plaintiff be not exercised in whole, "the remaining unappointed corpus of the first trust fund created hereunder shall be added to and become a part of my residuary estate and pass under the provisions of Item Fourth of this will." Item Third closed with the following paragraph:

"The provisions in this will for my wife, Courtney, are made by me in lieu of all statutory and other legal rights which she might have in my estate."

Item Fourth: "In the event my said wife survives me, I do hereby give, devise and bequeath" to the aforesaid trustees "all of the rest, residue and remainder of my estate, real, personal and mixed and wheresoever situated, hereinafter sometimes called 'second trust fund,' in trust." Item Fourth, at considerable length and in detail, vests broad powers in said trustees over "the first and second trust funds" with respect to the management, investment, etc., of trust assets. Testator next inserted a spendthrift provision restricting the alienation of any interest in the trust property by any beneficiary thereof. He also authorized encroachment on the corpus "of said trust estates" in stated circumstances for the benefit of plaintiff, the same to be paid out of the second trust fund. Item Fourth contains no provision for the disposition of the remainder interest of said second trust fund or of the income therefrom. However, as stated, the income from said second trust fund is disposed of under Item Third.

Item Fifth: "In the event my said wife shall predecease me, I hereby will and direct that the property hereinbefore referred to as the first and second trust funds shall be transferred and delivered, free of trust, to my two cousins, Virginia Johnson Parker and Mildred Johnson Hodge, both now living in Memphis, Tennessee, and if either or both of them should not survive me then to the heirs-at-law of the deceased party or parties, as determined by the laws of Missouri at my death, and the same disposition shall be made of any of my property remaining which has not been disposed of under my will."

Mr. Bergs died April 28, 1956, a resident of St. Louis. Plaintiff's age was then fifty-two. His will was executed May 11, 1955. He left surviving his widow, plaintiff, as his sole statutory heir, testator not being "survived by issue, father, mother, brother or sister, or their descendants." § 474.-010(1) (b).

Mr. Bergs and defendants Parker and Hodge were first cousins. He made his home with their mother seasonally each year after he was about three years old, his mother having died. He spent his summers vacationing with their family while he was in college and until he reached his maturity. He and his first wife were divorced and he again lived with their mother for about two years. He married plaintiff about twenty-five to thirty years before his death. They were divorced about fifteen years before his death. They remarried a few years later and lived in St. Louis. During testator's later years plaintiff lived in California and he lived in St. Louis.

■ " 'The controlling rule in construing wills in this state, to which all technical rules of construction must give way, is to give effect to the true intent and meaning of the testator as the same may be gathered from the whole instrument, if not violative of some established rule of law; and in arriving at that intention the relation of the testator to the beneficiaries named in the will and the circumstances surrounding him at the time of its execution are to be taken into consideration, and the will read as near as may be from his standpoint, giving effect, if possible, to every clause and portion of it, and to this end, if need be, words may be supplied and omitted, and sentences transposed.' " Burrier v. Jones, 338 Mo. 679, 92 S.W.2d 885, 887. § 474.430; McLaughlin v. Tralle, Mo., 274 S.W.2d 316, 319[1].

We said in McMahan v. Hubbard, 217 Mo. 624, 118 S.W. 481, 484(1): "Among the cardinal rules often invoked by this court in the construction of wills is the presumption that the testator intended to dispose of his whole estate. This presumption seems to amount to this: Where there is a general intention appearing in the will to thereby make a complete disposition of all the testator's property, such general intent is allowed weight in determining what was intended by a particular devise that may admit of enlargement or limitation. * * *

Whatever may be the rule in other states, it is well established in this state that in pursuing the general presumption, and to prevent the happening of the incongruous condition of the estate passing partly by will and partly by descent, words may be supplied, transformed, or changed in the will, so 'that the instrument may not perish and the manifest intent of the parties be not defeated by the palpable error of the scrivener. * * * [Citations omitted.]' " See McElroy v. Fluker, Mo., 265 S.W.2d 361, 365[5, 6]; and RoBards v. Brown and Mercantile-Commerce Bank & Trust Co. v. Binowitz, mentioned infra.

■ Plaintiff says testator died intestate as to the remainder interests in the trust under items Third and Fourth of his will. We agree with plaintiff's position that the construction of a will does not authorize a court to attempt to write a new will or to make an equitable distribution of a testator's estate. First Trust Co. v. Myers, 351 Mo. 899, 174 S.W.2d 378, 380[1-3]. We have read plaintiff's other cited cases (Farish v. Cook, 78 Mo. 212, 221; Allison v. Hitchcock, 309 Mo. 488, 274 S.W. 798[3, 7]; Mississippi Valley Trust Co. v. Bowler, Mo.App., 149 S.W.2d 379[5, 6]; Riesmeyer v. St. Louis Union Trust Co., Mo., 180 S.W.2d 60, 63[6-10]), and are of the opinion observations therein favorable to plaintiff are not controlling under the record before us. The language of Mr. Bergs' will differs and we think the factual and legal situations involved also differ. McElroy v. Fluker, Mo., 265 S.W.2d 361, 363[3].

We agree with the trial court's finding that ambiguities in Mr. Bergs' will require its construction to determine the proper disposition of the remainder interests in the trust funds. The circumstances surrounding the testator at the time of the execution of the will may also be given consideration. Cockrell v. First Nat. Bank, 357 Mo. 894, 211 S.W.2d 475[4]; Hayes v. St. Louis Union Trust Co., Mo., 280 S.W. 2d 649[2]; Peters v. Briska, Mo.App., 191 S.W.2d 993[2].

Plaintiff's other point reads: "Item Fifth of the will is wholly conditional upon the testator's wife predeceasing him and, since she survived him, conveys no interest in the estate to appellants." Plaintiff argues that Item Fourth, conveying "all the rest, residue and remainder of my estate," etc., to his trustees is, and the last clause of Item Fifth of testator's will is not, testator's residuary clause, citing Shackelford v. Fifer, Mo., 269 S.W.2d 30, 33[5, 6], holding a testamentary provision passing "the residue and remainder of my estate" was a general, not a particular, residuary clause and included all classes and kinds of property. Plaintiff argues that Item Fifth can stand only by itself as a disposition of testator's property; that it is unambiguous; that the directions therein apply only "In the event my said wife shall predecease me * * *"; that the whole and the last clause of Item Fifth ("and the same disposition shall be made of any of my property remaining which has not been disposed of under my will") are inoperative because testator's wife did survive him; that testator in Item Third refers to the property passing under Item Fourth as his "residuary estate"; that Item Fourth, conveying "all of the rest, residue and remainder" of testator's estate, was testator's general residuary clause but failed to dispose of the remainder interest in the trust created therein, and that said remainder passed to plaintiff as intestate property.

■ A will is not to be construed by reading only one clause, but it is to be read from its four corners in ascertaining the true intent of the testator. First National Bank of Kansas City v. Stevenson, Mo., 293 S.W.2d 362, 366[1-3]; Peters v. Briska, Mo.App., 191 S.W.2d 993[7], among others. " 'That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it; and the court will enforce it no matter in what part of the instrument it is found.' " English v. Ragsdale, 347 Mo. 431, 147 S.W.2d 653, 655[6]. Residuary clauses are usually but a part of a testator's will and are affected by other parts thereof.

A case somewhat like the present is Ro-Bards v. Brown, 167 Mo. 447, 67 S.W. 245. Testator's wife, three sons—J. Van, John J., William G.—and one daughter—Mary B.—survived him. J. Van and John J. had failed in business and judgments against them were unsatisfied. Mary B.'s husband was a confirmed inebriate. Testator, by his will, after providing for the payment of his debts, gave each of his children, naming them, $1. He then gave the residue of his estate to his wife "for and during her widowed life, and as long as she remains single." No power of disposal was given the wife. He next provided: "In the event that my said wife should not be living at the time of my death, then in that event, I will that all my property both real and personal be distributed as follows:" One-fourth each to his daughter Mary B.; to his daughter-in-law Mary V., wife of his son J. Van; to his daughter-in-law Delia A., wife of his son John J.; and to his son William G. The gifts to his daughter and his daughters-in-law were for their respective "sole and separate use, free from the control of her said husband." A purchaser at an execution sale under a judgment against John J. claimed a one-fourth interest in testator's residuary estate after the widow's death, contending, as plaintiff contends in the instant case, that testator, since he was survived by his wife, died intestate as to the remainder after the widow's life estate. The court, giving consideration to the circumstances existing at the time of the execution of the will, stated (167 Mo. loc. cit. 459, 67 S.W. loc. cit. 248) " * * * the plaintiff contends that the will is to be read in two sections or divisions,—the first to consist of all that precedes the clause that it is claimed constitutes the condition, to wit, 'In the event that my said wife should not be living at the time of my death,' etc.; and the second to consist of all that follows that clause. If this be adopted as the true rule, and the will be read literally, and not as of the

intention of the testator, and the words be read in their sequence only, the result is this: the four children would get $1 each, and the widow a life estate, without power of disposal. The fee to all the balance would remain undisposed of by the will. This construction is manifestly not the true construction, for it violates the fundamental presumption of law that the testator intended to dispose of his whole property by will, and not to leave any part or estate therein to be devolved by the statute of descents." Following this holding are other observations in the opinion, but to reach the determination the will passed the remainder interest to testator's daughter, daughters-in-law and son the court held ineffectual the introductory clause: "In the event that my said wife should not be living at the time of my death, then in that event".

In Mercantile-Commerce Bank & Trust Co. v. Binowitz, Mo.App., 238 S.W.2d 893, testator created (loc. cit. 895) a testamentary trust of his residuary estate, with his wife as beneficiary of the entire net income for life or until her remarriage and with a right of encroachment upon the corpus prior to, but not after, remarriage. The will also provided (loc. cit. 895, 897) for the administration of the trust and distribution of the remainder interest to his several children in certain specified events; but contained (loc. cit. 896) no provision for the distribution of the remainder upon the widow's death without having remarried, or upon her renunciation of the will. The widow renounced the will. The question presented was whether testator's children were to take the remainder interest under the testamentary trust or free from the trust, it being contended, since the widow terminated the life estate by renunciation and election, testator had died intestate with respect to said remainder and the children took as heirs under then § 468.010. Applying the rules for the construction of wills here involved, it was held (loc. cit. 899 [9–11]) that in the event of the death of the widow without having remarried or in the circumstance of renunciation, the equivalent of her death, while she remained unmarried, that portion of testator's estate remaining in the trust was to be administered and distributed under the trust, carrying out the intention of the testator as nearly as possible. The court recognized that such construction required the transposition of terms employed in the will and the supplying of words not found therein, stating such action is proper to effectuate the intention of the testator, to prevent the incongruous situation of partial intestacy or an inadvertent omission of words which destroys testator's otherwise evident purpose. See authorities there cited.

See also cases like Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135, 148, 149, and McLaughlin v. Tralle, Mo., 274 S.W.2d 316, 321[4–7], wherein, although there was no in lieu clause, testator's will was held to put his widow to an election to take under the will or to renounce it if she would receive the child's share of testator's personal property to which she was "entitled absolutely" under § 469.070, prior to its repeal by Laws 1955, p. 390.

Testator's will clearly discloses his intention to dispose of the whole of his estate and not to create an incongruous situation of partial intestacy. Item First contemplated the payment of the debts, taxes, duties and levies out of his residuary estate and not out of that portion of his estate passing under Items Second and Third in which plaintiff was the named beneficiary. Item Second makes a distinction between his chattels of a strictly personal nature passing to plaintiff and his chattels of an investment nature, and states the latter are to be hereinafter disposed of in his will. Item Third states that any portion of his "first trust fund" over which plaintiff fails to exercise her power of appointment is to be "added to and become a part of my residuary estate and pass under the provisions of Item Fourth of this will."

Testator gave his wife the income of the whole, including the residue, of his disposable estate for life, with rights of en-

croachment on the corpus, and the right of appointment by last will over, we understand, one-half thereof. He made ample provision for his wife and gave her rights in his estate in addition to what she would have received upon a renunciation of his will. The provision in Item Third: "The provisions in this will for my wife, Courtney, are made by me in lieu of all statutory and other legal rights which she might have in my estate" put plaintiff to an election to take under testator's will or to renounce it and, broadly stated, receive one-half of testator's distributable estate under § 474.160 et seq. Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135[30]. Plaintiff has not renounced the will. She had no claim against testator's estate until his death. Section 474.120 authorizes antenuptial contracts making provision for the support of an intended spouse for life in discharge of the intended spouse's rights of inheritance and other statutory rights in the estate of the other. We perceive of no reason for enforcing such a covenant entered into before marriage that does not exist for enforcing a surviving spouse's acceptance of commensurate provisions in the deceased spouse's will when expressly made in lieu of the survivor's rights derived from the marriage. Testator's stated intention was that the provisions in his will for his wife were in lieu of all her statutory and other legal rights in his estate, and her rights did not include the remainder interest in the trust covered by Item Fourth. Consult Annotation, 93 A.L.R. 1384; 97 C.J.S. Wills § 1260, b, p. 56; 17A Am.Jur., Dower, 406, § 140; 4 Page Wills, 84, § 1388.

■ We base our conclusion on testator's intention as disclosed in his will. In Item Third he mentioned his intention to dispose of his residuary estate in Item Fourth, and in Item Fourth he gave his wife the income from his residuary trust estate for life with rights of encroachment on the corpus. Testator, had he so intended, we think would have passed the remainder interest in Item Fourth to his wife under such conditions as he thought proper or given her the power of appointment thereover as he did over the trust in Item Third. The only beneficiaries mentioned in Item Fifth are testator's two cousins, Mrs. Parker and Mrs. Hodge. We think the closing clause of said Item ("and the same disposition shall be made of any of my property remaining which has not been disposed of under my will") was intended by testator to have greater significance than to merely pass testator's "personal chattels of a strictly personal nature" mentioned in Item Second, which is stated by plaintiff to be "a relatively minor bequest," to said beneficiaries if testator's wife predeceased him. Testator's stated intention (Item Third) was that his residuary estate should pass under the provisions of Item Fourth but notwithstanding this stated intention the scrivener inadvertently omitted disposing of the remainder interest by said Item Fourth. Testator's wife, plaintiff, and the two cousins, the appealing defendants, are the only beneficiaries mentioned in his will. Reading his will from its four corners to arrive at his true intent and giving consideration to his evident intent not to die partially intestate, the provisions in favor of his wife and the provisions placing limitations upon her rights in his estate, we conclude that had the scrivener passed the remainder interest in Item Fourth of testator's will, as contemplated in Item Third, the same would not have been vested in testator's wife; that testator intended by the closing provision of Item Fifth for his other named beneficiaries, defendants Parker and Hodge, to succeed to the remainder interest in his trust estates, and that the scrivener inadvertently omitted the necessary words to specifically provide therefor.

The foregoing disposes of the contested issues presented upon this appeal.

Accordingly, the decree and judgment is reversed and the cause is remanded with directions to enter a finding, decree and judgment that defendants, appellants here, take the remainder interest in so much of

the trust estates as passes under the trust created in Item Fourth after the life estate of plaintiff, respondent here, including any part of the trust estate in Item Third over which plaintiff fails to exercise her power of appointment by last will and testament.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.