No. 20510.

GEORGI SPATHARIOTIS *v.* ESTATE OF JAMES SPATHAS, DECEASED; VIRGIL F. SMITH, EXECUTOR; ET AL.

(398 P. 2d 39)

Decided December 14, 1964.
January 25, 1965, opinion modified and as modified rehearing denied.

GEORGE J. FRANCIS, FRANCES DELOST, for plaintiff in error.

M. KEITH SINGER, for defendant in error Virgil F. Smith, Executor.

ROTHGERBER, APPEL & POWERS, for defendant in error Helen Spathas.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS writ of error involves the construction to be given a will and the precise issue is whether the will contains a devise by implication.

James Spathas died on August 15, 1960, leaving a last will and testament which contained the following provisions, among others:

\* \* \*

"II. I give, devise and bequeath to my trustee hereinafter named, in trust nevertheless, the business properties known and numbered 828, 830, 832 and 834 Santa Fe Drive, located in the City and County of Denver, State of Colorado, to hold, manage and control in accordance with the authority hereinafter conferred upon it.

"III. All the rest, residue and remainder of my estate of every kind and description, wherever situate, I give, devise and bequeath to my beloved wife Eleni . . . .

"IV. If I am survived by my wife, my trustee shall accumulate the sum of Two Thousand Five Hundred Dollars ($2500) out of the income from the properties listed in Paragraph 2 and shall maintain the above sum at all times for the payment of real estate taxes, current expenses, major repairs and other emergencies; all income received after giving due effect to the above shall be paid to my wife so long as she shall live.

"V. In the event that my wife shall predecease me then I devise and bequeath all my property, real and personal, or mixed, to the First National Bank of Denver in trust nevertheless, and I direct my trustee to pay the entire net income from my trust estate to my nephew Georgi Spathariotis, Athens, Greece, (Carare 17 - Athen) for so long as he shall live. Upon his death my trustee shall pay the entire net income from my trust estate to the surviving issue of my nephew, Georgi Spathariotis, for a period of twenty years. At the end of said twenty year period the trustee shall distribute all of the corpus of the trust to the surviving issue of my nephew Georgi Spathariotis, share and share alike."

This will was duly admitted to probate on September 2, 1960, in the County Court of the City and County of Denver. On April 17, 1961, the duly qualified executor of the estate of James Spathas filed a petition in the aforementioned County Court asking for a "construction and clarification of the last will and testament of James Spathas," averring that the will "presents certain inconsistencies and problems in that . . . . said will makes no disposition of the legal remainder of the business properties known and numbered as 828, 830, 832 and 834 Santa Fe Drive."

Thereafter, James' widow, Eleni, and his nephew, Georgi, appeared by counsel and participated in the hearing held in connection with the petition for "construction and clarification" theretofore filed by the executor.

It was the basic position of Georgi in the trial court, as it is here, that though there is no *express devise* to him of any interest in the business properties situate on Santa Fe Drive, there is nonetheless a *devise by implication* of the remainder interest in said properties, in trust, to himself and his surviving issue.

Contrarily, it was Eleni's contention in the trial court, as it is here, that there was no devise, be it express or implied, of this remainder interest in the aforementioned business properties to any person whatsoever and that such being the case under applicable Colorado law this interest passes as intestate property to the heirs of James Spathas, namely herself, there being no surviving issue of James.

Upon hearing, the trial court decreed that the remainder interest in the business properties "is not devised or bequeathed to any person, the will being silent with respect thereto, . . . . the remainder descends and must be distributed in the same manner as intestate property, . . . . [and] under Colorado law the wife, Eleni . . . . is the sole and only heir of testator and is entitled to take the fee of the 'business properties' as

intestate property, and her life estate merges in the fee."
By writ of error Georgi now seeks reversal of this
judgment.

A "devise by implication" is a well-recognized
concept in the general field of will construction, though
Colorado authority bearing on this point is quite limited.
The general rule concerning it is not difficult of state-
ment, but a problem frequently arises when the rule
is sought to be applied to a particular will. By way of
a background, 57 Am. Jur. p. 782 reads as follows:

"A bequest or devise may be made by mere implica-
tion, unless the implication violates public policy or
some established rule of law, but to raise such implica-
tion it must be necessary to do so in order to carry out
a manifest and plain intent of the testator which would
fail unless the implication is allowed. Gifts by implica-
tion are not favored, and cannot rest upon conjecture.
Such a gift will not be inferred from mere silence, but
must be founded on expressions in the will, and is only
admitted as a means of carrying out what the testator
appears on the whole to have really meant, but failed
somehow to express as distinctly as he should have
done. It has been said that the probability of an inten-
tion to make the implied gift must be so strong that
an intention contrary to that which is imputed to the
testator cannot be supposed to have existed in his mind.
On the other hand, it is not required that the inference
be absolutely irresistible; it is enough if the circum-
stances, taken together, leave no doubt as to the testa-
torial intention, and in some cases it is said that the
implication may be drawn from slight circumstances
appearing in the will."

In *Russell v. Russell,* 16 N.J. Super. 589, 85
A.2d 296, United States Supreme Court Justice William
J. Brennan, then serving as a judge in Appellate Divi-
sion B of the New Jersey Superior Court, made these
observations which shed considerable light on the na-
ture of a devise by implication:

"The law will supply words by implication where the words actually employed 'most literally taken would not express, or would not sufficiently express, the plain meaning of the writer; and where in order to bring out that meaning, something must be understood beyond or even different from what is set down' . . . . But gifts by implication are not favored in the law . . . . Standing alone, the presumption against intestacy does not suffice to justify the implication . . . . a court may not give effect to a supposed intention of a testator which finds no expression in a will; but a court may give effect to an intention or purpose, indicated by implication, where the express language of the entire will manifests such an intention or purpose . . . .

". . . . With regard to that Expression 'necessary Implication' . . . . in construing a Will Conjecture must not be taken for Implication; but necessary Implication means, not natural Necessity, but so strong a Probability of Intention, that an Intention contrary to that, which is imputed to the Testator cannot be supposed.

". . . . where it is clear on the face of a will that the testator has not accurately or completely expressed his meaning by the words he has used, and it is also clear what are the words which he has omitted, those words may be supplied in order to effectuate the intention as collected from the context."

In the *Russell* case, Mr. Russell and his wife each executed a will which named the other sole beneficiary with the further proviso that in the event both should die "at or about the same time" the property should pass in equal shares to their son, James, and their daughter, Alice, "being small recompense for their kindness and devotion to us," and that their third child, William, "who has been a very ungrateful and undutiful son . . . . shall not receive any part or share of my estate." Neither spouse expressly provided for the contingency of being predeceased by the other. The wife predeceased her husband and he accordingly took under

her will. The surviving husband thereafter died and a controversy arose as to whether he died testate or intestate. It was William's contention that his father had failed to provide in his will for the contingency which happened, and that hence he died intestate and that under intestacy statutes his estate passed in equal parts to his three surviving children. Contrarily, James and Alice contend that their father died testate "as the will, read in its entirety plainly and clearly shows that Mr. Russell must necessarily have meant that in the contingency which occurred James and Alice were to take to the exclusion of William, and that, there being no words expressly alluding to that contingency, the court is to cure the defect by implication and thus to mould testator's language so as to carry into effect the intention that he had, on the whole, sufficiently declared." In other words, an *express* devise to take effect in the event of a particular contingency, which contingency did *not* occur, was to form the basis for implying a devise in a contingency which did occur, but was not provided for in the will. In this situation the New Jersey Supreme Court rejected the contention that Mr. Russell died intestate and held that this was "a case for judicial implication to fulfill the testamentary plan." In so doing the court stated:

"Our conclusion does not make a new will for Mr. Russell. It is merely giving effect to testamentary intention limited to language within the four corners of the will. It is a sustaining of a bequest by implication in exact accord with the expressed bequest in the will, thus giving effect to the expressed general testamentary plan and purpose of the testator. .

"Laymen would have no difficulty in sustaining a bequest by implication from the language in which the decedent expressed his testamentary intent. Courts should not, by self-imposed impotence, not required by the precedents, be less efficacious. They should give

effect to plainly discernible though ineptly expressed, testamentary intent."

In *Blatt v. Blatt,* 79 Colo. 57, 243 P. 1099, the testator disposed of his property as follows: "I give, devise and bequeath to my wife . . . . all my property, real, personal and mixed, and wherever situate, so long as she shall live," and there was no disposition whatsoever of the remainder. Under this circumstance this court held that the remainder was intestate property and in so holding stated:

". . . . Though the intention of the testator is a paramount rule, that intention is to be derived from some expression of the will itself and not mere silence. A devise by implication is never inferred by silence. It must rest upon some language in the will which the testator has employed and not upon some language which the testator might have had in mind at the time but did not use . . . ."

Eleni, the surviving widow, argues that *Blatt v. Blatt,* supra, is the complete answer to the present controversy. Georgi, on the other hand, contends that the instant case is quite readily distinguishable from the *Blatt* case in that the will of James Spathas is not "silent," but does contain language which would clearly justify and indeed require a devise by implication. The language relied upon by Georgi is that contained in paragraph V to the effect that "in the event my wife shall predecease me then I devise and bequeath all my property . . . . to the First National Bank . . . . in trust . . . . and I direct my trustee to pay the entire net income from my trust estate to my nephew Georgi . . . ." In other words, it is Georgi's position that but for paragraph V in the will, as the same has been set forth, supra, the *Blatt* case would be controlling and the remainder interest in the business properties would pass as intestate property, but that the presence of paragraph V in the will clearly indicates that it was the intention of James Spathas that his will create a remainder interest

in his business properties, in trust, to Georgi and then to his surviving issue. Eleni, by way of reply, minimizes the importance of paragraph V, pointing out that by its very terms it is inoperative unless she predeceased James, which she did not.

In our view the *Blatt* case is not controlling, as we find language in the will which clearly supports a devise by implication of the remainder interest in the Santa Fe business properties, in trust, to Georgi, and his surviving issue.

A somewhat analogous factual situation is to be found in *Ussher v. Mercantile Trust Co.*, 328 S.W.2d 699. There, as here, the testator directed that certain property be held in trust with the income to be given to his wife, "as long as she shall live," and there was no express devise of the remainder interest. In the *Ussher* case there was also a paragraph number V, similar to paragraph V in the Spathas will, to the effect that "In the event my wife shall predecease me I hereby will and direct that the property be transferred and delivered to my two cousins . . . ." (We recognize that in the *Ussher* case the paragraph numbered V contained a further proviso to the effect that "the same disposition shall be made of any of my property remaining which has not been disposed of under my will.) There, as here, the wife survived the testator, and a dispute arose as to whether the widow took the remainder interest by way of intestacy, or was there a devise by implication of said interest in favor of the two cousins. In the *Ussher* case, as here, the surviving widow argued that paragraph number V was "wholly conditional upon the testator's wife predeceasing him and, since she survived him, conveys no interest in the estate." The Supreme Court of Missouri rejected this contention and held that under the circumstances there was a devise by implication. It is to be observed that in the *Ussher* case, as in the *Russell* case, a devise by implication was grounded upon an express devise which was to take

effect in the event of a particular contingency, *which contingency did not occur.*

*In Re Selner's Estate,* 26 N.Y.S.2d 783, affirmed 287 N.Y. 664, 39 N.E.2d 287, concerns a will with provisions quite comparable to those found in the Spathas will. There the testator devised and bequeathed the residue of his estate to his three sons, in trust, with the direction that his wife should receive the income from the trust during her lifetime, there being no express "bequest or devise of the corpus of the remainder of the estate." Like the Spathas will, the Selner will did contain a provision that should his wife predecease him, then the entire residue was to go to his three named sons, share and share alike. In the *Selner* case, as here, the wife did not predecease the testator, and in that case a dispute also arose as to whether the remainder interest was intestate property or was there a devise by implication of said interest in favor of the three sons. In holding that there was a devise by implication the Appellate Division of the Supreme Court of New York commented as follows:

"In construing a will, courts endeavor to ascertain and give effect to the intention of the testator. They may only do so in so far as that intention is manifested in the testament, expressly or by implication. A court may not give effect to a supposed intention of a testator which finds no expression in a will; but a court may give effect to an intention or purpose, indicated by implication where the express language of the entire will manifests such an intention or purpose. The rule is easy of statement but its application is frequently provocative of controversy.

\* \* \* \* \*

"The authoritative cases here pertinent confirm the notion that a litigated will has no twin. They warrant, however, a further statement of principle. When a will does not contain a mention of particular property, or of an estate, or an express bequest or devise of such

property or estate, in one contingency, then such property or estate may not be, in another contingency, the subject of a bequest or devise by implication through the medium of a construction of the testament. Especially so if disinherison would result and there is no express language indicating an intent to disinherit. *If, however, the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if a reading of the entire will makes manifest that such was the intention of the testator.* When courts have refused to sustain a bequest or devise by implication, the will did not mention the property or estate, or did not direct in any specified contingency any disposition of it, and thus it did not furnish a basis in language of the testator from which to imply such an intent." (Emphasis supplied.)

The foregoing authorities afford ample precedent for holding in the case now before us that the remainderman's interest in the business properties on Santa Fe Drive is not intestate property, and that there is a devise by implication of this interest, in trust, in favor of Georgi and his issue. James Spathas by his last will and testament solemnly declared that if his beloved wife should predecease him all of his property — be it business or non-business property — should go to a named trustee with a direction that the income therefrom should go first to his nephew Georgi, and then to Georgi's issue. He further provided that if his wife should outlive him, then his non-business property should go outright to his wife, but that his business property should go to the same trustee with the direction that the income therefrom go to his wife, but only "so long as she may live." There is no contention that there was by any provision of the will a devise of these

business properties to Eleni, and under the terms of the will she is entitled only to the income therefrom for her lifetime. Eleni was not given any power of appointment, nor did the will permit any invasion of the corpus of the trust by the trustee. Under such circumstances, the argument that James intended that Eleni take the remainderman interest in said property by intestacy is not very convincing. See *Simes and Smith,* The Law of Future Interests, Second Edition, § 842, p. 328. For all these reasons it is abundantly clear to us that James Spathas did *not* intend that his beloved wife Eleni should take the remainder interest in the South Santa Fe Drive business properties.

Having thus established that there was no intent that this remainder interest should go to Eleni, by testacy or intestacy, is there any language in the will which could form the basis for a devise by implication of this interest? We find such language in paragraph V of the last will and testament of James Spathas. There, in clear and unequivocal language he directed that "in the event . . . . my wife shall predecease me . . . . I devise and bequeath all my property . . . . to the First National Bank of Denver in trust . . . . to pay the entire net income to my nephew Georgi . . . . for so long as he shall live . . . . [and] upon his death my trustee shall pay the entire net income to the surviving issue of my nephew Georgi for a period of twenty years . . . ." This language is more than adequate to form the basis for implying a devise of the remainder interest in the South Santa Fe business properties, in trust, to Georgi and his issue. In so holding we are not making a new will but "merely giving effect to testamentary intention limited to language within the four corners of the will" by doing that which was done in the *Russell, Ussher* and *Selner* cases, i.e. using an express devise which was to take effect only in the event of a particular contingency, *which contingency did not occur,* as the basis for implying a like devise in a contingency which did occur

but was not fully covered or provided for by the will.

The judgment is reversed and the cause remanded for further proceedings consistent with views herein expressed.