In the Matter of the ESTATE OF
Evelyn Jo BENNETT, Deceased.

HOSPICE OF METROPOLITAN DENVER, National Jewish Hospital and Research Center and St. Jude Children's Research Hospital, Claimants–Appellants and Cross–Appellees,

v.

Helen BECKERDITE, Personal Representative–Appellee and Cross–Appellant.

No. 88CA0192.

Colorado Court of Appeals,
Div. V.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

Certiorari Denied Feb. 5, 1990.

Davis, Graham & Stubbs, Susan K. Morath and Richard W. Daily, Denver, for claimants-appellants and cross-appellees Nat. Jewish Hosp. and Research Center and St. Jude Children's Research Hosp.

Isaacson Rosenbaum Spiegleman Woods Levy & Snow, P.C., Stanton Rosenbaum, Denver, for claimants-appellants and cross-appellees Hospice of Metropolitan Denver.

Ralph H. Coyte and R. William Wawro, Fort Collins, for personal representative-appellee and cross-appellant.

Opinion by Judge RULAND.

National Jewish Hospital and Research Center, St. Jude Children's Research Hospital, and Hospice of Metropolitan Denver appeal from an order of the Denver Probate Court determining that the remainder of the decedent's estate passed under the laws of intestacy. We reverse this ruling, in part.

Helen Beckerdite, formerly Helen Easton, cross-appeals from the probate court's determination that the personal property given to her by the decedent's will consisted only of tangible personal property. We affirm this ruling.

## I.

The heirs of the decedent consist of first and second cousins. The only clause disposing of the remainder of the decedent's estate appears in Paragraph III of her will. That paragraph provided:

> "In the event my mother, IDEL F. PARKER, shall survive me, then all of the rest, residue and remainder of my estate I do hereby give, devise and bequeath unto my cousin, HELEN EASTON, as trustee for the use and benefit of my mother. My said trustee shall have full discretion to spend any income and/or principal as in the opinion of my trustee is necessary for the support, health, well being and comfort of my mother during the balance of her life. Upon the death of my mother, then all remaining income and principal in said trust will be divided and given over in equal shares to the ... [four specified charities]."

However, Idel F. Parker did not survive the decedent.

While four charitable entities were designated in Paragraph III, only three of the entities appeal. The appealing charities contend that the probate court erred in holding that, because Mrs. Parker did not survive the decedent, the trust never came into existence with the result that the residuary estate passed by intestacy. We agree.

In construing wills, the cardinal rule is to ascertain the intent of the testa-

tor from the will and to carry out that intent unless such is contrary to law or public policy. *In re Estate of Dewson*, 181 Colo. 189, 509 P.2d 311 (1973). Moreover, a construction should be adopted, if possible, which avoids partial intestacy. *State v. Rogers*, 140 Colo. 205, 344 P.2d 1073 (1959). And, we agree with the probate court's assessment that the decedent expected her will to be drawn so that the four charities would be the ultimate beneficiaries.

Under these circumstances, we view the doctrine of gift by implication as set forth in *Spathariotis v. Estate of Spathas*, 156 Colo. 131, 398 P.2d 39 (1964) to be applicable in this case. There, the court acknowledged that gifts by implication will not be inferred from mere silence. However, the court held that such gifts are a proper means of carrying out what the testatrix intended, but somehow failed specifically to express.

The court stated:

" 'If ... the property or estate claimed to be bequeathed ... by implication, in a contingency which has occurred, has been made the subject of an express bequest ... in another contingency, which did not occur, then effect may be given to such bequest ... by implication ... if a reading of the entire will makes manifest that such was the intention of the testator.' " (emphasis omitted)

Here, the testatrix made explicit provision for disposition of the remainder of her estate to the charities in the event her mother survived her. While she did not expressly provide for the contingency which did occur, her intent is clear with reference to designating the charities as the ultimate beneficiaries. And, that intent would be frustrated by disposition of her assets pursuant to the laws of intestacy. Contrary to the probate court's conclusion, we hold that application of the rule in *Estate of Spathas* does not depend upon whether assets have vested in the trust. In light of these considerations, we conclude that the probate court erred in holding that the remainder interest failed as to National Jewish Hospital and Research Center, St. Jude Children's Research Hospital, and Hospice of Metropolitan Denver.

## II.

Paragraph II of the will provided:

"I give all my personal and household effects, such as jewelry, clothing, furniture, furnishings, sporting equipment, silver, books, and pictures, except such property used in any business in which I may have any interest, in accordance with a memorandum which I intend to leave at my death. If for any reason no such memorandum is in existence at my death, ... I give such property ... to my cousin, HELEN EASTON, of Loveland, Colorado."

However, the decedent failed to prepare any memorandum. As a result, all personal property governed by this paragraph was devised to Helen Beckerdite.

On cross-appeal, Helen Beckerdite contends that the probate court erred in holding that the personal property devised to her under the decedent's will consisted only of the decedent's tangible personal property. We disagree.

In *In re Estate of Schmidt*, 638 P.2d 809 (Colo.App.1981), this court considered a will which provided that if a memorandum giving certain items of tangible personal property was not in existence at the time of the decedent's death, a named beneficiary should receive "whatever items of my personal property she chooses." The court held that the items of personal property transferred by this provision were limited to "items of tangible personal property" which could be disposed of by memorandum pursuant to § 15–11–513, C.R.S. (1987 Repl.Vol. 6B). "Tangible personal property" under this statute does not include money, evidence of indebtedness, documents of title, securities, and property used in trade or business. We perceive no material distinction between that case and this.

The order is affirmed with respect to the construction of Paragraph II of the will and is reversed with respect to the construction of Paragraph III of the will with regard to the charities who appealed the

order. *See New York Life Insurance Co. v. Brown,* 32 Colo. 365, 76 P. 799 (1904). The cause is remanded to the probate court for further proceedings consistent with this opinion.

METZGER and REED, JJ., concur.