ESTATE OF KESSLER: ANHALT and another, Appellants, vs. ESTATE OF KESSLER, Respondent.

*December 6, 1955—January 10, 1956.*

513

514

For the appellants there was a brief and oral argument by *Cyril D. Schaller* of Whitewater.

For the respondent there was a brief and oral argument by *Robert H. Gollmar* of Baraboo.

BROWN, J. We find no case like this in the books but certain general principles are well established. To be valid, a trust requires that a beneficiary be named or designated. Sec. 231.11 (5), Stats.; *McHugh v. McCole* (1897), 97 Wis. 166, 72 N. W. 631. It is not necessary that the beneficiary exist or be ascertainable at the time the trust is created but he must be ascertainable within the time limited by the rule against perpetuities. Restatement, 1 Trusts, p. 288, sec. 112; 89 C. J. S., Trusts, p. 738, sec. 23 c.

The will announced that the testatix would designate the additional beneficiaries by a writing left with the will. She did not perform this condition either exactly or substantially and there is no evidence that she ever prepared or executed

any such paper or even that she determined in her own mind the persons whom she wished to benefit. Mrs. Kessler also reserved to herself a power of appointment which, we think, she could exercise by an instrument kept separately from the will. Such a document, to be an effective exercise of the power, would have to be executed with the formalities required of a will. In this respect, also, the record not only fails to show the existence of such a document but there is no evidence that one ever existed or that Mrs. Kessler ever reached a decision on the identity of the appointees. We conclude that the record does not support an assumption that the power of appointment was exercised.

We determine that for lack of identified or ascertainable beneficiaries other than Beuthin and the two Anhalts the attempt to create a valid trust, except in respect to them, by section 20 of the will has failed and the residue, except for that required to pay Beuthin and the Anhalts, remains property undisposed of by the will.

The executor's final account has been approved. Time to distribute the estate in accordance with the terms of the will is at hand. Just as legatees are now entitled to have their legacies, so the heirs at law are entitled to have their share of the estate which is undisposed of by the will. To warrant withholding undisposed-of residue from them pending further information, we consider there should be evidence that the testatrix made a different disposition of it. All the evidence here is to the contrary. No one has come before the court claiming that he or any other identifiable person, existing now or in the future, is aggrieved by a distribution of the estate in regular course. Those who are entitled to take intestate property are certainly aggrieved by having their shares withheld without sufficient justification. On this record we conclude that the justification is not present.

*By the Court.*—Order and judgment reversed, and cause remanded for further proceedings conforming to the opinion.