WILL OF ROSNOW: ROSNOW (Arthur), Executor, Appellant, vs. ROSNOW (Leonard) and another, Respondents.

*September 12—October 9, 1956.*

For the appellant there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederic C. Eberlein.*

For the respondents there was a brief by *N. E. Wiese,* attorney, and *Zwickey & Zwickey* of counsel, all of Clintonville, and oral argument by *Mr. Wiese* and *Mr. A. Don Zwickey.*

BROWN, J.   The appellant submits that persons expressly disinherited are disqualified from receiving any part of the estate under any theory and, preferably, the entire residue should be assigned to the only surviving individual mentioned in the residuary clause; that is, Arthur.   Or, less desirable but still acceptable, Meta's share of the residue should be distributed among the next of kin who have not been disinherited by the will.   He relies mainly on *Will of Nielsen* (1950), 256 Wis. 521, 41 N. W. (2d) 369, in which we gave great consideration to extrinsic facts and circumstances and reached a conclusion that the death of one of the residuary heirs did not result in a lapsed legacy but brought into effect a presumed wish of the testator's that some, but not

all, of his heirs-at-law should divide the residue though there were no express terms of the will excluding any of them. The extrinsic considerations in *Will of Nielsen, supra,* seem now to be much less persuasive to the result then reached than they did when the case was determined. On the other hand, *Will of Ziehlke* (1939), 230 Wis. 574, 284 N. W. 497, which is not referred to in the *Nielsen* opinion presents the same problems as the case at bar and disposes of them according to what we consider must be the rule when, by lapse of a legacy a partial intestacy has occurred. In *Ziehlke,* paragraph Fourth described a residuary legatee but no person fulfilled the description when the testator died. There was a residue for division and there were nieces and nephews who were heirs-at-law but it was contended that they could not share in the division because of a paragraph in Mr. Ziehlke's will reading (p. 575) :

" 'Fifth : For reasons known to all, it is my will and I hereby direct that no part of my estate shall go to any of my nieces or nephews.' "

Mr. Justice WICKHEM spoke for the court, saying (p. 579) :

"The trial court appears to have been impressed by the fifth clause in which the testator disclosed a positive intention that his nieces and nephews take nothing under his will. The answers to this are, (1) that they do not take under the will, and (2) that this paragraph throws no light upon the meaning of the fourth paragraph as applied to the present situation. If one of the nieces had actually nursed him during his last illness, the fifth clause might be effective to exclude her as a beneficiary under the fourth clause. Here, however, the nieces and nephews do not take under the will but by law. The fourth paragraph being the residuary clause and the gift failing, the residue goes by operation of the law of descent. No doubt this is not what testator intended, but *the only way in which he could vary the rules of descent would be by making an effective gift at variance with these.* This he did not do." (Our emphasis.)

442

We find no escape from the logic of that opinion if we are to refrain, as we ought, from writing a new will for the testator. Therefore, we conclude that in the instant will the rules of descent take over when the testator made no provision for distribution of Meta's share of the residue in the event he outlived her. That law directs the distribution of her share in the manner directed by the learned trial court.

We are asked by respondents to inform the trial court upon remand that the executor's (appellant's) costs and disbursements must be paid by him personally, and not allowed as a charge against the estate, because of his strong personal interest in the success of his appeal. We do not attempt to control the trial court's discretion in its allowance of the executor's account until it becomes manifest that discretion has been abused.

*By the Court.*—Order affirmed.