IN MATTER OF ESTATE OF McWILLIAMS, a/k/a John Glenn McWilliams, Deceased: McCARVILLE, Respondent, v. McWILLIAMS, Appellant.

*No. 75–513. Argued May 4, 1977.—Decided June 1, 1977.*
(Also reported in 254 N.W.2d 277.)

For the appellant there was a brief by *George K. Steil, Mark L. Korb* and *Campbell, Brennan, Steil & Ryan, S. C.,* and oral argument by *George K. Steil,* all of Janesville.

For the respondent estate and personal representative there was a brief and oral argument by *John J. Mc-Williams* of Janesville.

For respondents minor legatees there was a brief and oral argument by *Arthur W. Greenhalgh,* Guardian *ad litem* of Janesville.

DAY, J. This is an appeal from a judgment and amended judgment construing the will of the late J. G. McWilliams, a practicing attorney for more than fifty years and at one time a judge of county court, probate branch, in Rock County. The will is dated November 20, 1974. Clause three bequeathed one-third of the personal property in his estate to his wife, appellant Evelyn L. McWilliams. Clause five left "the remaining two-thirds ($2/3$)" of the personal property in his estate to certain named beneficiaries each of whom was bequeathed specific amounts of money and other personalty in the same clause, for a total in that clause of $121,000 in bequests. The problem is that this sum, $121,000, plus the one-third portion bequeathed to decedent's wife, is less than the total sum to be distributed. The net value of the estate subject to administration is inventoried at $410,726.44.

The issue is whether the trial court erred in construing clause five to be a residuary clause with the unbequeathed amount going to each of the named beneficiaries in that clause on a pro rata basis. Appellant widow argues clause five is not a residuary clause and therefore she takes the residue as the only heir at law. Respondents are ten named minor heirs taking under clause five, represented by a guardian ad litem, and the personal representative,

William R. McCarville, who is also a beneficiary under clause five.

The defendant died January 1, 1975. On January 7, 1975 the personal representative petitioned the court for appointment of himself as Special Administrator so as "to conserve and administer decedent's estate." On April 28, 1975 the inventory was filed showing a gross estate valued at $410,726.44. The net value of property subject to administration is the same amount. All of this property was personal property with the exception of real estate valued at $32,500.00.

A petition for construction of the will was filed June 16, 1975 by the attorney for the personal representative. The petition alleged the will is ambiguous and fails clearly to express the intention of the testator and prayed for a determination of the testator's intent with regard to the residuary of his estate.

A hearing on the petition was held July 7, 1975 and a memorandum decision was filed October 2, 1975. Judgment construing the will was entered on October 29, 1975. An amended judgment was entered November 17, 1975. The trial court determined clause five is a residuary clause with each of the beneficiaries named therein to share on a pro rata basis. In arriving at this decision the trial court relied on the will itself and six exhibits consisting of previous wills and a codicil.

The will admitted to probate was executed November 24, 1974 and reads in part as follows:

"SECOND: The legacies and devise to my wife, and all expenses of administration and monument and burial expenses, medical bills, if any, are to be paid one hundred cents on the dollar and not prorated. If there is not enough property and money in my estate to pay all the legacies in full, then I direct that after the payment of the legacy to my wife and the expenses of last sickness, burial, administration, and the bequest of Thirty Thousand Dollars ($30,000.00) to my beloved cousin, John J. McWilliams, there shall be paid to all other

legatees subsequently mentioned in this my last will, on a pro-rata basis.

"THIRD: As to the personal property in my estate, with the exception of my books, paintings and piano in my home, I give and bequeath one-third (⅓) thereof to my wife, Evelyn L. McWilliams. The piano above referred to really belongs to my wife, I having bought the same for her as a wedding present. This request refers only to the personal property in my estate.

". . .

"FIFTH: The remaining two-thirds (⅔) of the personal property in my estate, with the exception of the paintings, books and piano above referred to, together with the remainder of my real estate, I give, devise and bequeath as follows; to-wit:"

There followed eighteen numbered subparagraphs bequeathing designated sums, directing that certain persons (half-sisters) take nothing and also specifying that a $30,000 bequest to John J. McWilliams, decedent's cousin (and attorney for the personal representative) be paid in full without pro rating in the event the estate was insufficient to cover all bequests. One numbered subparagraph bequeathed household paintings to a named beneficiary. Several bequests provided for lapse in case the beneficiary predeceased the testator. No specific provision was made for the disposition of lapsed gifts.

The personal representative and the guardian ad litem for the beneficiaries argue that clause FIFTH is a residuary clause and that the beneficiaries named therein should share in the excess over the specified amounts bequeathed to them on a pro rata basis.

The argument that this is a residuary clause is further strengthened by the last sentence in clause FOURTH which says with respect to his wife's life use of the real estate:

"If she desires that the said home shall be sold, the value of her life use is to be determined by and under the American Experience of Mortality tables and the

balance thereof said sale price shall go into the residue of my estate."

No particular words such as "residue" are necessary to create a residuary clause. *Gallagher v. McKeague,* 125 Wis. 116, 103 N.W. 233 (1905). However, even if we were to assume that the opening paragraph of clause FIFTH was intended to make it a residuary clause, the question is, did it accomplish its intended purpose?

Subparagraph four of clause FIFTH provides:

". . . 4. I give and bequeath to my beloved cousin, Joseph McWilliams, the sum of Ten Thousand Dollars ($10,000.00) together with the paintings in my home and books therein. I request that two or three of the paintings go to the Court House or Art Gallery in Darlington, Wisconsin, with the names of my two dead sisters, Mary and Bonnie McWilliams, printed thereon. These pictures are not originals."

The gifts of the pictures and books are specific bequests, whereas the gift of the money is a general bequest.[1] ". . . Testator may incorporate a general or specific legacy in a residuary clause. If he does this, such legacy will be treated, for the purpose or abatement, as a legacy of such type, and *not as a residuary legacy.*"[2] (Emphasis supplied).

If clause FIFTH were to be regarded as a residuary clause it is clear that both specific and general bequests

---

[1] "A more common form of a general legacy is the pecuniary legacy. Any pecuniary legacy, that is, a gift of a fixed amount of money, which, by the terms of the will, is payable from the testators estate, is a general legacy. The fact that the amount of the legacy is by the terms of the will, conditioned upon testator's owning sufficient personal property to pay for it . . . does not prevent it from being a general legacy." 6 Bowe-Parker: *Page on Wills,* sec. 48.2, pages 8, 9.

[2] 6 Bowe-Parker: *Page on Wills,* sec. 53.5, p. 215; *See, Will of Smith,* 235 Wis. 66, 74, 292 N.W. 443 (1940).

were included in it and that these bequests, found in the subparagraphs, are not part of the residuum.

"The residuum of an estate is that part of it left after paying the debts of testator, the expenses of administration, and the specific, demonstrative and general bequests and devises given in a will."[3]

Clause FIFTH, though it makes specific and general bequests lacks a provision for the residuum. It is as incomplete as a clause that would say, "I give, devise and bequeath all the rest, residue and remainder of my estate" followed by no further words of disposition. Once the specific and general bequests are taken from clause FIFTH, nothing remains. We conclude it fails as a residuary clause.

It is inferable the testator expected there would not be enough in the estate to cover the amounts provided for the various beneficiaries and he accordingly provided that the $30,000 to his cousin John J. McWilliams not be pro rated. But no provision was made for disposition in case of excess over those amounts, and this court could only guess as to how such excess should be distributed. This court cannot supply such deficiency.[4]

Respondents alternatively argue this court should find they are the recipients of a gift by implication, citing *In re Trust of Pauly,* 71 Wis.2d 306, 237 N.W.2d 79 (1975). It is our opinion the doctrine is inapplicable to the case at bar.

In *Pauly,* the testator created a trust out of the residuary of her estate with part of the trust income going to a brother during his life and the balance of the income

---

[3] 4 Bowe-Parker: *Page on Wills,* sec. 33.50, p. 376.

[4] *Estate of Kessler,* 271 Wis. 512, 74 N.W.2d 146 (1955); *Will of McIlhatton,* 198 Wis. 518, 224 N.W. 713 (1929); *Will of Rosnow,* 273 Wis. 438, 78 N.W.2d 750 (1956); *Will of Wehr,* 36 Wis.2d 154, 152 N.W.2d 868 (1967).

going to testator's daughter, Elsa Pauly Wilson, during Elsa's life. The will then provided:

"B. If my daughter aforenamed should die before my grandson, Francis Wilson, has attained the age of thirty, the income of said trust estate is to be paid in equal shares to my grandchildren, Francis Wilson and Annette Wilson, until my grandson, Francis Wilson shall have attained the age of thirty years, when it is my will that the trust shall cease and the principal shall be paid in equal shares to my grandchildren, Francis Wilson and Annette Wilson."

In fact, daughter Elsa did not die before grandson Francis attained the age of thirty. This was an eventuality not provided for by the will. This court affirmed the trial court's decision finding a gift by implication of the principal of the trust to the testator's grandchildren. The testator's scheme for providing initially for her child (Elsa) and then for her grandchildren was found to be impliedly the same whether grandson Francis had attained the age of thirty before or after Elsa's death. 71 Wis.2d at 313–314.

To read into a will a gift by implication, it is necessary to first find a positive, disposing intent based on a contingency which did not occur. Then it is possible, if the facts warrant it, to imply the same intent concerning the contingency which did occur but which was not accounted for in the will. This was somewhat differently phrased in *Spathariotis v. Spathas' Estate*, 156 Colo. 131, 398 P.2d 39, 44 (1965), cited with approval in *Pauly*, 71 Wis.2d at 313:

"If, however, the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did

occur, if a reading of the entire will makes manifest that such was the intention of the testator." *Spathariotis v. Spathas' Estate,* (1965), 156 Colo. 131, 398 Pac.2d 39, 44.

*Also see, Estate of Connolly,* 65 Wis.2d 440, 222 N.W.2d 885 (1974); *Estate of MacLean,* 47 Wis.2d 396, 177 N.W.2d 874 (1970).

To find a gift by implication in the instant case would allow speculation to substitute for the ascertainable intent of the testator. The will provides that the named beneficiaries in paragraph five were to take definite amounts of money, assuming there were adequate funds to accomplish all the bequests. We can only speculate as to the testator's intent with regard to the remainder. The will itself must provide the clues, but it does not. *Estate of MacLean, supra,* 47 Wis.2d at 406. We therefore decline to find a gift by implication.

Prior wills of the testator were received in evidence. The trial court found these wills supportive of its conclusion that, testator (1) intended to limit his wife to one-third, and (2) intended the remaining two-thirds of the estate to be divided among the specific and general legatees on a pro rata basis.

As to the trial court's first conclusion, "we would emphasize that words of disinheritance or negative exclusion alone are not sufficient to prevent an heir at law from taking intestate property." *Estate of Farber,* 57 Wis.2d 363, 368, 204 N.W.2d 478 (1973). What is additionally required to effectuate that intent is positive language stating which heirs are to take. *Id.* The trial court's second conclusion was that such positive language could be inferred based on an examination of prior wills. We reach the opposite conclusion.[5]

---

[5] Where a will is construed upon undisputed facts this court is free to make its own interpretation. *Will of Mechler,* 246 Wis. 45, 55, 16 N.W.2d 373 (1949).

Each of the four previous wills executed during the course of the wife's marriage to the decedent followed the same general scheme as the final will in bequeathing to the appellant wife one-third of the personal property (after certain expenses) plus use of decedent's home during her life time. Each such will left "the remaining two-thirds" (or words to that effect) to other named persons. Unlike the final will, however, these instruments contained residuary clauses.[6] These clauses had differing modes of disposition. The residuary clause of the February 27, 1974 will named three specific beneficiaries: More than thirty persons named in the "remaining two-thirds" clause were not named in the residuary clause and his wife was not included in the residuary clause. The residuary clause of the July 26, 1972 instrument left the residue to all of the named legatees with the specific exception of the wife. The instruments of November 15, 1971 and April 12, 1968 also specifically excluded her. But whereas the 1971 instrument stated the residuary legatees were to share the residue proportionately, the 1968 instrument stated they should share equally.

We conclude the prior wills are no guide to how the excess in the estate should be distributed. Should it go solely to the three people named in the residuary clause of the will dated February 27, 1974 executed less than nine months before the execution of the will involved in this appeal or should it go on a pro rata basis to all of the beneficiaries except the wife as provided in the will dated July 26, 1972 and October 15, 1971 or should the excess go equally to all the beneficiaries except the wife as provided in the will of April 12, 1968?

---

[6] For example, clause twenty-fifth of the will of February 27, 1974 provides, "all the rest, residue and specific legacies shall be divided . . ."

What does seem clear is that in this will testator left out the residuary clause that he very carefully put in all the prior wills, each of which contained a separate "remaining two-thirds" clause.

One might read in the will a wish to limit testator's wife to one-third but under our law, when the will leaves undisposed of assets such as this will does, that implication does not prevent her from inheriting under the intestacy laws. Sec. 852.01(1)(a)1.[7]

*By the Court.*—Judgments reversed and cause remanded for further proceedings consistent with this opinion.

---

[7] "852.01 *Basic Rules For Intestate Succession*. (1) *Who Are Heirs*. The net estate of a decedent which he has not disposed of by will, whether he dies without a will, or with a will which does not completely dispose of his estate, passes to his surviving heirs as follows:

"(a) To the spouse:

"1. If there are no surviving issue of the decedent, the entire estate; . . ."