Syllabus by the Court
Where the residuary estate is devised to a brother and sister, "and in the event that either one of them shall predecease me, then to the other surviving brother or sister," but in fact both brother and sister predecease the testatrix, the brother leaving issue, the anti-lapse statute, Minn.Stat. § 
524.2-605
 (1978), applies in the absence of clear intention to the contrary.
In this contest over the construction of a residuary clause of a will, the Hennepin County Probate Court held the anti-lapse statute, Minn.Stat. § 524.2-605 (1978), to be applicable. A three-judge panel appointed by the Chief Judge of the district court for the Fourth Judicial District affirmed. This court granted appellants' application for leave to appeal. We affirm.
The sole issue in this case is whether Minn.Stat. § 524.2-605
(1978), the anti-lapse statute, applies where the residuary estate is given to a brother and sister, "and in the event that either one of them shall predecease me, then to the other surviving brother or sister," but in fact both brother and sister predecease the testatrix, the brother leaving issue.
This case is before the court on stipulated facts which can be summarized as follows: Bellida Ulrikson died testate in 1976 with a will drafted in 1971. The will made specific bequests of $1,000 each to nine nieces and nephews and two nieces by marriage; each respondent and appellant received one of these bequests. The residue is to be distributed as follows: *Page 759 
 SIXTH, All the rest, residue and remainder of my property of whatever kind or character, I give and bequeath to my brother MELVIN HOVLAND, and my sister, RODINE HELGER, share and share alike, and in the event that either one of them shall predecease me, then to the other surviving brother or sister.
Melvin Hovland and Rodine Helger were both alive when the will was drafted. Melvin Hovland died in 1974 and left surviving two children, Annabelle Erickson and Mavis Barth. Rodine Helger died in 1975 without issue. If the anti-lapse statute is applied to the residuary clause, the residue passes in equal shares to respondents Annabelle Erickson and Mavis Barth. Both lower courts so ordered.
In 1971, two other siblings of Bellida Ulrikson were deceased; namely, Sena Olson and Louis Hovland. These two siblings had seven surviving children in 1971, and the will gives $1,000 to each. Before 1976, three of these nieces and nephews died without issue, and one died leaving issue. Under the laws of intestacy, therefore, the residue would be divided into six shares among Tillman Olson, Leonard Olson, Guy Olson (appellants), Annabelle Erickson, Mavis Barth (respondents), and the issue of Eleanor Yankowiak[1] by right of representation. Minn.Stat. § 525.16(4)(d) (1978).
The applicable Minnesota statutes, which incorporate portions of the Uniform Probate Code, contain the following provisions:
 524.2-603 Rules of construction and intention. The intention of a testator as expressed in his will controls the legal effect of his dispositions. The rules of construction expressed in the succeeding sections of this part apply unless a contrary intention is indicated by the will.
 524.2-604 Construction that will passes all property; after acquired property. A will is construed to pass all property which the testator owns at his death including property acquired after the execution of the will.
 524.2-605 Anti-lapse; deceased devisee; class gifts. If a devisee who is a grandparent or a lineal descendant of a grandparent of the testator is dead at the time of execution of the will, or fails to survive the testator, the issue of the deceased devisee who survive the testator take in place of the deceased devisee and if they are all of the same degree of kinship to the devisee they take equally, but if of unequal degree then those of more remote degree take by representation. One who is a grandparent or a lineal descendant of a grandparent of the testator and who would have been a devisee under a class gift if he had survived the testator is treated as a devisee for purposes of this section whether his death occurred before or after the execution of the will.
Minn.Stat. §§ 524.2-603 to 524.2-605 (1978). Upon reading these statutes together, it is apparent that the law prefers testacy over intestacy and that the anti-lapse statute applies unless a contrary intention is indicated by the will.
The appellants argue that Bellida Ulrikson expressed an intention contrary to the application of the anti-lapse statute by the words "and in the event that either one of them shall predecease me, then to the other surviving brother or sister." They contend the testatrix intended to establish an absolute condition of survivorship to receive any residue.
It is far more likely, however, as respondents contend, that Bellida Ulrikson simply did not contemplate that both her younger brother and sister would predecease her. The residuary clause in fact contains no instructions for the circumstances which occurred. In this case, we hold the words of survivorship to be effective only if there are survivors. Since there are no survivors in this case, the anti-lapse statute is free to operate. *Page 760 
The appellants further argue that by making a thousand-dollar bequest to each of her nieces and nephews, the testatrix expressed an intention to treat her legal heirs equally, and thus contrary to the anti-lapse statute. This argument loses sight of the fact that Melvin Hovland and Rodine Helger are preferred in the residuary clause of the will. The argument is further negated by the fact that two persons outside the testatrix's bloodline, the two "nieces by marriage," were also given thousand-dollar specific bequests.
In summary, this case appears to be precisely the type of case that our statutory scheme was designed to solve. Accordingly, the decision of the three-judge district court review panel is affirmed.
[1] The Eleanor Yankowiak sixth would be further divided with one-fifth going to each of Robert Yankowiak, Betty McCormick, Jerry Yankowiak and Allen Yankowiak and the last fifth in three equal shares to Daniel Brockmiller, David Brockmiller and Donald Brockmiller.