In the MATTER OF the ESTATE OF
William F. HILLMAN, Deceased,
Delmer JORNS, Appellant,

v.

Ervin ROEHRBORN, Personal Representative, Respondent.

Court of Appeals

*No. 83–1752.  Submitted on briefs October 16, 1984.—*
*Decided January 22, 1985.*
(Also reported in 363 N.W.2d 588.)

For the appellant the cause was submitted on the briefs of *Smith & O'Neil, S.C., Faye L. Calvey,* and *R. George Burnett* of counsel, all of Milwaukee.

For the respondent the cause was submitted on the brief of *Stauber, Dehn, Wynia & Kissinger, Lawyers Chartered,* and *Dennis A. Juncer* of Marshfield.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.  Delmer Jorns appeals a judgment construing William F. Hillman's will. The trial court held that part of the residuary of Hillman's estate should pass by the laws of intestacy because both the primary beneficiary and the substitute beneficiary predeceased the testator. The issues on appeal are:

(1) Whether Hillman made a gift by implication to the heirs of the primary beneficiary, and

(2) Whether the heirs succeed to the interest of the primary beneficiary pursuant to Wisconsin's anti-lapse statute, sec. 853.27(1), Stats.

Because the intention that the heirs of the primary beneficiary should succeed to the beneficiary's interest is not discernible from the language of the will, we will not imply a gift by implication. Because the substitute beneficiary became entitled to inherit upon the death of the primary beneficiary, and because the substitute beneficiary was not a relative of Hillman, the anti-lapse statute is not applicable to this case. We therefore affirm the judgment.

The residuary clause of Hillman's will[2] provides that the remainder of his estate be divided equally among

----

[2] The residuary clause of the will provides:

his two sisters and his ten nephews and nieces, and to their heirs by right of representation. The will excepts the heirs of one sister, however, from succeeding to her interest. The will gives the sister's share absolutely and forever to her husband if she dies before Hillman. The sister and her husband both died before Hillman. The will does not provide for the contingency of the husband's death.

Jorns argues that the trial court erred by construing the will to pass part of Hillman's estate under the laws of intestacy. He notes that the objective of will construction is to ascertain the intention of the testator, and that the law strongly presumes an intent not to die intestate when a residuary clause is included in a will. *Estate of Britt*, 249 Wis. 30, 33, 23 N.W.2d 498, 500 (1946). Jorns therefore concludes that the trial court should have construed the will to gift the sister's share of Hillman's estate to her heirs in the event that both the sister and her husband predeceased the testator. The rules of will construction are applicable, however, only if the language of the will is ambiguous. *In re Trust of Pauly*, 71 Wis. 2d 306, 310, 237 N.W.2d 719, 722 (1976). Failure to provide for a contingency is an omission rather than an ambiguity of language that requires judicial construction. *Id.*

I hereby give, devise and bequeath all of the rest, residue and remainder of my estate, in equal shares, to my said sister, ANNA E. ROEHRBORN, and my sister, EMMA V. JORNS, and my ten (10) nieces and nephews, WILMA NOBLE, DANIEL E. ROEHRBORN, CHARLES G. ROEHRBORN, JAMES W. ROEHRBORN, EDITH CARPENTER, ERVIN H. ROEHRBORN, DELMAR JORNS, WILMER JORNS, MARLENE OTTE and EILEEN BLOUGH, to them and to their heirs by right of representation, absolutely and forever, except that in the event that my said sister, EMMA V. JORNS, does not survive me, I hereby give, devise and bequeath her share to her husband, ERVIN JORNS, absolutely and forever.

The presumption against intestacy does not apply to the construction of this will because the will is not ambiguous. We read Hillman's will to unambiguously give his sister's residuary share to her husband if she dies before the testator. The will completely fails to provide for the contingency of the husband's death. Although Hillman may have failed to provide for this contingency through oversight, we cannot supply the deficiency without some express indication of intent in the will. For us to assume his intent would constitute judicial will-drafting, which we refuse to do. *Estate of Connolly*, 65 Wis. 2d 440, 449, 222 N.W.2d 885, 889 (1974).

Although the will fails to anticipate the death of the sister's husband, we may review the will to see if the gap is filled by implication. *See Pauly*, 71 Wis. 2d at 311, 237 N.W.2d at 722. The doctrine of gift by implication may be used to fill a void or an omission in the express terms of a will. *Estate of MacLean*, 47 Wis. 2d 396, 405, 177 N.W.2d 874, 879 (1970). To read into a will a gift by implication, it is necessary to first find a positive, disposing intent based on a contingency that did not occur. *Estate of McWilliams*, 78 Wis. 2d 328, 334, 254 N.W.2d 277, 280 (1977). It is then possible, if the facts warrant it, to imply the same intent concerning the contingency that did occur, but that was not accounted for in the will. *Id.* Unless the clue to the intention is imbedded in the words of the will, the court cannot imply the gift to fill the gap. *MacLean*, 47 Wis. 2d at 406, 177 N.W.2d at 879.

This case does not present a proper instance for application of the doctrine of gift by implication because Hillman's testamentary intent in the event of the death of both his sister and her husband is not discernible

from the language of the will. This court can only specu-
late as to Hillman's intent with regard to the contingency
that occurred. The doctrine of gift by implication may
not be used to reform a will or to correct an obvious
mistake or an oversight by the draftsman. *Id.* at 405,
177 N.W.2d at 879. The fact that a testator makes no
specific provision for the situation that has arisen, or
that subsequent changes make it quite likely that he
would have made a provision if he had thought that they
would occur, does not justify the court in construing
the will so as to make a gift by implication. *Connolly,*
65 Wis. 2d at 452, 222 N.W.2d at 891. The doctrine of
gift by implication is not meant to correct an oversight
of possible future events. *Pauly,* 71 Wis. 2d at 313, 237
N.W.2d at 723.

The anti-lapse statute also does not apply to this case
because the intended beneficiary in the event of the
sister's death is not a relative of the testator. Section
853.27(1), Stats., provides that the heirs of a beneficiary
who is a relative of the testator succeed to the deceased
beneficiary's interest unless a contrary intent is indi-
cated by the will. The heirs of Hillman's sister do not
succeed to her interest pursuant to this statute because
the will expressly indicates a contrary intent; namely,
that the sister's husband succeed to her interest. Fur-
thermore, the heirs of the husband do not succeed to
his interest because he is not a relative of the testator.
The term "relative" as it is used in sec. 853.27(1) is
restricted to blood relatives. *Estate of Haese,* 80 Wis.
2d 285, 298, 259 N.W.2d 54, 59 (1977).

This court also declines to adopt the rule that a sub-
stitute beneficiary must survive to take under a will
or else the attempted gift reverts to the primary bene-
ficiary. Jorns argues that Hillman's intent to make a

gift to his sister's husband was implicitly conditioned on the husband's survival. Jorns further argues that in the event that the sister and her husband both predecease the testator, then the substitution clause falls out of the will altogether. Jorns urges the adoption of this rule on the basis of the decision in *Estate of Ulrikson*, 290 N.W.2d 757 (Minn. 1980). Applying the rule to this case would make the anti-lapse statute applicable because Hillman's sister would be the ultimate residuary beneficiary as a result of her husband's death. We refuse to apply the *Ulrikson* rule, however, because it conflicts with Wisconsin's doctrine of gift by implication. To assume that a testator did not intend to make an absolute gift to a substitute beneficiary when no language in the will indicates such an intention constitutes judicial will-drafting.

Because Hillman's will does not provide for substitute beneficiaries in the event that his sister and her husband both predecease the testator, that share of the estate's residuary lapsed upon their death. The lapsed share of a residuary bequest passes as intestate property. *Estate of Mory*, 29 Wis. 2d 557, 564, 139 N.W.2d 623, 627 (1966). The trial court correctly held therefore that the property in question should be distributed according to the laws of intestacy.

*By the Court.*—Judgment affirmed.