**In re the Estate of Elaine E. SCHWAKE.**

**No. C5–95–1925.**

Court of Appeals of Minnesota.

Feb. 13, 1996.

Thomas E. Thunhorst, Kenyon, for Respondent.

Gregory A. Wohletz, Gislason, Dosland, Hunter, & Malecki, P.L.L.P. Minnetonka, for Appellant Heirs of Ervin Schwake.

Lloyd S. Myster, Hero Law Office, Northfield, for Appellant Heirs of Martha Schwake Schuette.

Gary M. Peterson, Fairbault, for Appellant Heirs of LeRoy Schwake.

Considered and decided by NORTON, P.J., TOUSSAINT, C.J., and PARKER, J.

## OPINION

TOUSSAINT, Chief Judge.

This appeal is from the district court's determination that the Minnesota antilapse

statue does not apply to the will of Elaine Schwake. We reverse and remand.

## FACTS

Elaine E. Schwake, the testator, executed her last will and testament on September 20, 1991. Article III of the will provides:

> I give and devise the remainder of my estate unto all of my first cousins, except Helen Lieb, share and share alike. I expressly make no provision in the will for Helen Lieb and direct that she shall take nothing from my estate.

At least one of the testator's first cousins, died before execution of testator's will. In addition, after execution of the will, two more of the testator's cousins, also predeceased her. The testator died on April 13, 1994.

On May 4, 1994, the personal representative of the testator's estate submitted the will for informal probate and petitioned the court for an order construing the will. A hearing concerning testator's will was held. Following this hearing the district court issued an order construing Article III of the will as follows:

> I give and devise the remainder of my estate unto *only those first cousins that survive me,* except Helen Lieb, share and share alike. I expressly make no provision in this will for Helen Lieb and direct that she shall take nothing from my estate.

(Emphasis added.)

The district court vacated its order and set the matter on for rehearing. Following a second hearing regarding this will the district court reinstated its first order. The district court concluded that the antilapse statute did not apply in this situation and that only the first cousins who survived the testator were entitled to take under the will. The district court determined that: (1) Article III created a class gift and that the will was not ambiguous, (2) on the death of a class member all surviving members succeeded to an equal portion of the deceased member's share, and (3) the antilapse statute

applies only in cases where the testator's intent is unclear. This appeal followed.

## ISSUE

**Does the Minnesota antilapse statute apply when the testator's intent is not indicated in the will?**

## ANALYSIS

■ Where the material facts are not in dispute we need not defer to the district court's application of the law. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989). The appellants, issue of the testator's predeceased first cousins, contend that the district court erred when it determined that the antilapse statute did not apply to the will, and further contend that they are entitled to take under her will.

■ The testator's will created a class gift [1] that was intended to benefit each of her first cousins. In making its decision that the antilapse statute is inapplicable to the situation, the district court relied on *Levings v. First Nat'l Bank & Trust,* 192 Minn. 143, 148, 255 N.W. 828, 830 (Minn.1934), for the proposition that "on the death of a class member, all surviving members succeed to an equal portion of the deceased member's share." In addition, the court relied on *In re Estate of Zagar,* 491 N.W.2d 915, 917 (Minn. App.1992), in stating that the antilapse statute applies only where the testator's intent is unclear. This is an incorrect reading of the law.

The Minnesota antilapse statute provides:

> If a devisee who is a grandparent or a lineal descendant of a grandparent of the testator is dead at the time of execution of the will, or fails to survive the testator, the issue of the deceased devisee who survive the testator take in place of the deceased devisee and if they are all of the same degree of kinship to the devisee they take equally, but if of unequal degree then those of more remote degree take by representation. One who is a grandparent or

1. A gift of an aggregate sum to a body of persons uncertain in number at time of gift, to be ascertained at a future time, who are all to take in equal, or other definite proportions, the share of each being dependent for its amount upon the ultimate number. *Black's Law Dictionary* 249 (6th ed. 1990).

a lineal descendant of a grandparent of the testator and who would have been a devisee under a class gift on surviving the testator is treated as a devisee for purposes of this section whether death occurred before or after the execution of the will.

Minn.Stat. § 524.2–605 (1992).[2]

■ The Minnesota Uniform Probate Code contains a construction section, which provides:

The intention of a testator as expressed in the testator's will controls the legal effect of the testator's dispositions. The rules of construction expressed in the succeeding sections of this part apply unless a contrary intention is indicated by the will.

Minn.Stat. § 524.2–603 (1992). When these statutes are read together it is apparent that the antilapse statute applies unless a contrary intention is indicated by the will. *In re Estate of Ulrikson,* 290 N.W.2d 757, 759 (Minn.1980). Therefore, the inquiry is simply to determine if the language of the will evidences an intent to avoid application of the antilapse statute.

■ Minnesota courts have found the use of survivorship language is sufficient to avoid application of the antilapse statute. *Id.* In *Ulrikson,* the antilapse statute was applied to a will that contained language of survivorship where all of the named beneficiaries predeceased the testator. *Id.* However, where a

will contains language of survivorship and any of the beneficiaries survive the testator, application of the antilapse statute is inappropriate. *Zagar,* 491 N.W.2d at 917. When read together *Ulrikson* and *Zagar* stand for the proposition that the antilapse statute will not be applied where the testator's will indicated a specific intent contrary to its application.

■ There is no such evidence in this case. The will contains no language that demonstrates an intent to avoid application of the antilapse statute. Therefore, application of the antilapse statute is appropriate in this case.

## DECISION

We hold that the antilapse statute is applicable unless there is language in the will that indicates the testator intended a contrary result. We reverse and remand with instructions to distribute the estate in accordance with the antilapse statute.

**Reversed and remanded.**

2. Although the Uniform Probate Code was revised in 1994, we construe the same statutory language as the district court did. Effective January 1, 1996, the language applicable to this situation appears at Minn.Stat. § 524.2–603, subd. (b)(2) (1994).