782 P.2d 36

## In the Matter of INTER VIVOS TRUST ESTABLISHED BY THOMAS S. TURNER, Deceased.

**Marge ALLEN, an interested person, Appellant–Appellant on Appeal,**

v.

**Mary Lee DENNIE and B. Lynn Meininger, interested persons, and Idaho First National Bank, N.A., Respondents–Respondents on Appeal.**

No. 17648.

Court of Appeals of Idaho.

April 12, 1989.

Petition for Review Denied Nov. 30, 1989.

914

Louis L. Uranga, Uranga & Uranga, Boise, and Richard R. Carney, Carney, Buckley, Kasameyer & Hays (argued), Portland, Or., for appellant.

Joseph M. Meier, Clemons, Cosho & Humphrey, PA (argued), Boise, for respondents Meininger and Dennie. No appearance by Idaho First National Bank, N.A.

HART, Judge Pro Tem.

Marge Allen appeals from a decision of the district court which affirmed a magistrate's judgment that Allen was not an intended beneficiary of a trust.[1] On appeal, we are asked to decide: (a) whether the instrument creating the trust is ambiguous; (b) whether Allen is an intended beneficiary of the trust; and (c) whether attorney fees should be awarded to the respondents. We affirm the district court's decision upholding the magistrate's judgment, but deny the request for attorney fees.

The facts are summarized briefly. Thomas S. Turner had three nieces; Mary, Lynn, and Marge. He set up a trust, which provided that upon his death, the income from the residual principal was to be paid to his "living nieces." When these nieces died, their children were to receive the trust corpus. The original document establishing the trust further stated that Turner

---

1. Our reference to Allen as an "intended beneficiary" is limited within the issues presented on this appeal. One section of the trust provided that Marge Allen was to receive $1,000. Allen's entitlement to that money is not in dispute. Therefore, when we discuss whether Allen was an "intended beneficiary" of the trust, we are not concerned with Allen's entitlement to the $1,000 gift. Instead, we are using the term "intended beneficiary" as short-hand reference to whether the grantor of the trust intended Allen to share in the income from the residual principal, as explained in the text of our opinion.

had two living nieces; Mary and Lynn. Marge Allen's name was not included on the list, even though she was alive. Upon Turner's death, a dispute arose over whether Turner intended Marge Allen to share, with Mary and Lynn, in the distribution of the trust income. The magistrate determined that the trust was ambiguous. The magistrate then examined extrinsic evidence and found that Marge Allen was not an intended beneficiary. The district court affirmed this judgment and Marge Allen pursued the instant appeal.

## I

■ Marge Allen first argues that the trust is unambiguous. According to her, the trust document clearly indicates that she is an intended beneficiary and, therefore, she contends there was no reason for the magistrate to examine extrinsic evidence in order to interpret the trust. Because we find the trust to be ambiguous, we disagree with Marge Allen's contention.

When interpreting the terms of a will or trust, the intention of the testator must be given effect. *Allen v. Shea*, 105 Idaho 31, 665 P.2d 1041 (1983). If the testator's intention is reflected in the document, then the document is unambiguous and a court will not look at outside information to interpret it. *Matter of Estate of Berriochoa*, 108 Idaho 474, 700 P.2d 96 (Ct.App.1985). If the language of the document does not clearly reflect the testator's intent, extrinsic evidence may be examined for the purpose of assisting the court in ascertaining the meaning of the document. *White v. Conference Claimants Endowment Commission, et al.*, 81 Idaho 17, 336 P.2d 674 (1959). Whether a written document (such as the trust in this case) is ambiguous is a question of law. *DeLancey v. DeLancey*, 110 Idaho 63, 714 P.2d 32 (1986). Therefore, we exercise free review over the magistrate's determination that the document creating Turner's trust did not clearly express his intent. In deciding whether the trust instrument is ambiguous, we, like the magistrate, cannot look beyond the four corners of the document.

Upon reviewing the trust instrument, we conclude the magistrate's determination was correct. Section 1.07 of the original trust states:

*Section 1.07. Creation of Separate Trusts for Nieces or Their Issue.*

Upon the death of the Grantor, and after the payments and gifts provided for in Sections 1.05 and 1.06, the Trustee shall divide the trust estate as then constituted into as many equal shares as there are nieces of the Grantor then living, and nieces of the Grantor then deceased leaving issue then living. The Trustee shall allocate one (1) such equal share to each niece of the Grantor then living, and one (1) such equal share to each group composed of the living issue of each deceased niece of the Grantor. The Grantor has two (2) nieces now living, whose names are:

### Name

Mary Lee Dennie

Lynn Meininger

Each share shall be held by the Trustee as a separate trust and shall be administered and disposed of as a separate trust in accordance with the provisions of this Trust Agreement.

While this section refers to only two living nieces, the amended section 1.06(B) suggests the testator was aware that he had a third niece still alive. This amended section provides:

B. The sum of One Thousand and No/100 Dollars ($1,000.00), shall be paid to Mrs. Marge Allen, Portland, Oregon, the daughter of the Grantor's eldest brother, Lee Turner, if she survives the Grantor.

Upon reviewing these two sections, we are unable to determine whether Turner's intention was that only Mary and Lynn were to receive the trust income or whether the absence of Marge's name from the list of living nieces was a mere oversight on the part of the attorney who drafted the document. Since Turner's intent is not clear, we hold that this trust is ambiguous and that the magistrate did not err in examining extrinsic evidence in order to ascertain the meaning of the trust.

## II

Marge Allen next argues that even if the trust is ambiguous, the extrinsic evidence does not support a finding that Turner intended only to include Mary and Lynn as his beneficiaries. We disagree.

The meaning of an unambiguous document is a legal question, over which we exercise free review. *DeLancey v. De-Lancey*, 110 Idaho at 65, 714 P.2d at 34. However, the interpretation of an ambiguous document is a factual determination and our scope of review is limited. *Id.* We do not weigh the evidence, nor do we substitute our view of the facts for the view of the trial judge. *Angleton v. Angleton*, 84 Idaho 184, 370 P.2d 788 (1962). We merely determine whether the finding is supported by substantial, albeit conflicting, evidence in the record. *Ortiz v. Department of Health & Welfare*, 113 Idaho 682, 747 P.2d 91 (Ct.App.1987). If so, the finding cannot be deemed clearly erroneous. *Rasmussen v. Martin*, 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App.1983). We regard evidence as "substantial" if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. IDAHO APPELLATE HANDBOOK §§ 3.3.1 and 3.3.2.2 (Idaho Law Foundation, Inc. 1986).

Here, the magistrate's finding was supported by substantial evidence. Mary and Lynn appeared to enjoy a closer relationship with Turner than did Marge Allen. Turner showed generosity to Mary and Lynn in the form of substantial Christmas gifts. Such gifts were not extended to Marge Allen. Furthermore, a restriction to the trust was added in 1979, which was communicated to and accepted by Mary and Lynn. Marge Allen was never told of this restriction. Finally, one of Turner's friends stated that Turner had informed him that he was leaving the bulk of the trust to Mary and Lynn. Marge Allen's name was not mentioned. This evidence supports the magistrate's finding.

In reaching our decision, we are aware that one rule of construction is that words in a document are usually given their ordinary meaning. 95 C.J.S. *Wills* § 599 (1957). Therefore, there is merit to Marge Allen's contention that the term "living nieces" should be interpreted to include all of Turner's living nieces. However, this rule of construction need not be applied if the ordinary meaning of a word contradicts a testator's intent. Our Supreme Court has stated that since the cardinal rule of interpretation is to give effect to the testator's intentions, *all* rules of construction are to be followed only as they assist in determining that intention, and no rule, however sanctioned by usage, is to be applied to thwart that intention. *White v. Conference Claimants Endowment Commission, supra*, 81 Idaho at 27, 336 P.2d at 679. Moreover, other jurisdictions have held that the term "niece" need not be limited to its legal definition. *See, e.g., Shalkhauser v. Beach*, 14 Ohio Misc. 1, 233 N.E.2d 527 (Ohio Prob.Ct.1968); *Bank of New York v. Shillito*, 14 N.Y.S.2d 458 (N.Y.App.Div.1939); *In re Sulzbacher's Estate*, 169 Misc. 1, 6 N.Y.S.2d 683 (N.Y.Surr. Ct.1938). Therefore, although the term "living nieces" would ordinarily include all living nieces, the magistrate was not precluded from determining that in this instance the term was used only to refer to two of three living nieces.

## III

The respondents have requested attorney fees under I.C. § 12–121. Although Marge Allen has not prevailed, we do not believe this appeal was frivolous or without foundation. The determination of whether the trust was ambiguous presented us with a close legal question. Under the circumstances we conclude that no award of fees on appeal should be entered. *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

The decision of the district court upholding the magistrate's judgment is affirmed. Costs to respondents.

WALTERS, C.J., and SWANSTROM, J., concur.