**HORIZON JOINT VENTURE,**
Plaintiff–Appellee,

v.

**HORIZON PARTNERSHIP, LTD.; Victorio Investment Company, Ltd.; The Victorio Company, d/b/a Victorio Land and Cattle Company; VRG Development Corporation, f/k/a Victorio Realty Group, Inc., VRG Development Limited Partnership of Colorado, Defendants–Appellants.**

No. 88CA0821.

Colorado Court of Appeals,
Div. IV.

March 15, 1990.

As Modified on Denial of Rehearing
April 12, 1990.

Development Limited Partnership of Colorado (former general partners), appeal from a money judgment in favor of Horizon Joint Venture (limited partner). The trial court entered judgment jointly and severally against all defendants. We affirm.

The limited partner made a capital contribution, a parcel of real property, to the partnership. The limited partnership certificate and the partnership agreement provided for the return of $350,000 of the limited partner's contribution by October 6, 1982.

Subsequently, the partnership borrowed $1,000,000 from a bank, and, in connection with that loan, it executed a deed of trust in favor of the bank that encumbered the property contributed by the limited partner. An amendment to the partnership agreement extended the time of payment to the limited partner and provided that, after payment of the note owing to the bank, "all of the net cash flow of the partnership shall be distributed to the Limited Partner as a return of capital ... distribution of $350,000 to the Limited Partnership shall be complete on or before July 1, 1986."

The limited partner initiated this action when it was not paid the $350,000 distribution by July 1, 1986. There is no dispute that the $350,000 is owing. The question is rather whether a judgment may enter.

Williams, Turner & Holmes, P.C., Thomas C. Volkmann and J.D. Snodgrass, Grand Junction, for plaintiff-appellee.

Senn Lewis Hoth & Leiser, P.C., Mark A. Senn, Alan D. Sweetbaum and Cindy L. Robinson, Denver, for defendants-appellants.

Opinion by Judge NEY.

Defendants, Horizon Partnership, Ltd. (partnership), Victorio Investment Company, Ltd. (general partner), The Victorio Company d/b/a Victorio Land and Cattle Company, VRG Development Corporation f/k/a Victorio Realty Group, Inc., and VRG

## I

██ Defendants contend that the trial court erred in awarding the limited partner a judgment for the return of its contribution. They assert that § 7–61–117(1)(a), C.R.S. (1986 Repl.Vol. 3A) barred such judgment because the partnership's assets were insufficient to pay its creditors and the judgment. We disagree.

At trial, the undisputed evidence showed that the partnership's liabilities to nonpartner creditors consisted of $619,429 to the bank secured by the real estate contributed by the limited partner, $4,348.34 overdraft on its checking account, $36,405 to defendant former general partner, VRG Devel-

opment Partnership, and $7,344.15 in property taxes. These partnership debts, with the exception of the $4,348.34 bank overdraft, are secured by the real property or constitute a debt to the former general partners who are judgment debtors to the plaintiff. The major asset of the partnership was the real estate contributed by the limited partner with an undisputed market value at the time of trial of $700,000. Therefore, after accounting for debts, excluding its obligation to the limited partner, the partnership had net assets of $32,473. Also, the limited partnership agreement provided for the general partner to "provide net cash flow ... or make an additional capital contribution in order that the Limited Partner shall receive [the] return of capital...."

Defendants assert the trial court erred in finding that the partnership agreement satisfied the restrictions of § 7–61–117, C.R.S. (1986 Repl.Vol. 3A). The partnership argues that because it has debts owed to nonpartner creditors and the limited partners has failed to prove that the general partners have assets to satisfy the creditors and the judgment, the $350,000 judgment in favor of the limited partner is violative of § 7–61–117. We disagree with defendant's assertion that the statute prevented a judgment.

Section 7–61–117, C.R.S. (1986 Repl.Vol. 3A) provides:

"(1) A limited partner shall not receive from a general partner or out of a partnership property any part of his contributions until:

"(a) All liabilities of the partnership, except liabilities to general partners and to limited partners on account of their contributions, have been paid or there remains property of the partnership sufficient to pay them;....

"(2) Subject to the provisions of subsection (1) of this section, a limited partner may rightfully demand the return of his contribution:

. . . .

"(b) When the date specified in the certificate for its return has arrived...."

The existing general partner who was named as a defendant is liable on this judgment under general principles of limited partnership law and under the terms of the agreement. Similarly, the former general partners also are liable under the terms of the agreement.

The statute merely provides that the liabilities owed by the partnership to general creditors must be paid before this judgment is satisfied. Here, there are sufficient assets in the partnership to secure all present non-partner creditors. If these creditors were paid prior to execution or payment of the $350,000 judgment, there could be no violation of § 7–61–117. The entry of a judgment does not equate with receipt of return of a partnership contribution.

Further, we note that this rightful return of limited partnership contribution, as provided in the limited partnership certificate, is contemplated, and the creditor's interests are protected, by § 7–61–118(4), C.R.S. (1986 Repl.Vol. 3A). That statute provides:

"When a contributor has rightfully received the return in whole or in part of the capital of his contribution, he is nevertheless liable to the partnership for any sum, not in excess of such return with interest, necessary to discharge its liabilities to all creditors who extended credit or whose claims arose before such return."

The Uniform Limited Partnership Law of 1931 does not provide guidance, nor are we aware of any case law in support of the premise that a limited partner is precluded from getting a *judgment* for return of his contribution as provided in the limited partnership certificate while there are unpaid creditors.

Defendants rely on § 7–61–117 for their proposition without regard to any of the other provisions of the limited partnership act. However, § 7–61–117 cannot be read in isolation, but rather must be reconciled with all other sections of the Uniform Limited Partnership Law of 1931.

Also, determining the meaning of a particular statute necessitates consideration of

that statute in relationship to the other legislative provisions concerning the same subject matter, especially when the statute in question is part of a comprehensive legislative program. *Lucero v. Climax Molybdenum Co.*, 732 P.2d 642 (Colo.1987).

Section 7–61–103, C.R.S. (1986 Repl.Vol. 3A) provides for an agreement reflected in the certificate of limited partnership as to when the contribution of each limited partner is to be returned. Section 7–61–118, C.R.S. (1986 Repl.Vol. 3A) provides for liability of a limited partner who has received a return of his contribution to all creditors of the partnership to the extent of that return.

The construction which the defendants urge would permit them, as they have here, to incur debts to themselves as former general partners and thereby circumvent their valid obligation to the limited partner. Therefore, we conclude that § 7–61–117 considered in conjunction with § 7–61–103 and § 7–61–118 does not bar suit nor entry of judgment and only reflects that a limited partner "shall not *receive*" a cash distribution in preference to creditors of the partnership when such distribution would result in insufficient assets remaining to pay creditors.

Here, where the only asset of the partnership is real estate, the creditors can be fully protected by asserting their priority interest *vis a vis* the limited partners. *See* § 7–61–118, C.R.S. (1986 Repl.Vol. 3A).

## II.

Defendants next contend that the trial court erred in interpreting the amendment to the partnership agreement as being ambiguous and in ruling that payment of the bank loan was not a condition precedent to payment of the limited partner by July 1, 1986. We disagree.

The amendment provides:

"After payment of the note owing to IntraWest Bank of Denver as provided in paragraphs 2 and 3 above, all of the net cash flow of the partnership shall be distributed to the Limited Partner as a return of capital until the capital account of the Limited Partner has been reduced by the amount of $350,000. The distribution of $350,000 to the Limited Partnership shall be complete on or before July 1, 1986."

The trial court found that the amendment to the partnership certificate was ambiguous as to when the limited partner was entitled to receive its $350,000 return of capital and concluded that the parties intended that the July 1, 1986, deadline take precedence over the provision that the payments to the limited partners would commence after the payment of the note to the bank.

Whether a written instrument is ambiguous is a question of law. *Buckley Brothers Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981). Extrinsic evidence is admissible to prove intent when there is an ambiguity. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978).

Here, the trial court determined that the amendment was ambiguous as to whether payment of the bank loan was a condition precedent to the obligation of defendants to pay the limited partner on July 1, 1986. We agree with the trial court's reasoning that if defendants' duty to make a return of capital to the limited partner did not arise until they paid the bank note, defendants could avoid this duty by simply refusing to pay the note.

The trial court properly admitted evidence of the parties' intent, and there is ample evidence in the record to support the trial court's findings. Hence, they will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## III.

Finally, the defendants contend that the agreement does not require them to make the return of capital to the limited partner in cash. We reject this contention because the agreement specifically states that the limited partner has no right to demand or receive property other than cash. Further, absent a statement in the

certificate to the contrary and irrespective of the nature of the contributions, a limited partner has only the right to demand and receive cash in return for his contribution. *Millard v. Newmark & Co.*, 24 A.D.2d 333, 266 N.Y.S.2d 254 (N.Y.App.Div.1966).

We have considered defendants' other contentions and find them to lack merit.

Judgment affirmed.

CRISWELL and HUME, JJ., concur.