In the Matter of the ESTATE OF John B. SANDSTEAD, Deceased.

Ferne J. SANDSTEAD, Personal Representative–Appellant,

v.

Michael J. SANDSTEAD, Claimant–Appellee.

No. 94CA0672.

Colorado Court of Appeals, Div. III.

May 4, 1995.

Donald K. Smith, Sterling, for appellant.

Graydon F. Dowis, Jr., Sterling, for appellee.

Opinion by Judge TAUBMAN.

In this probate action, Ferne J. Sandstead, personal representative and surviving spouse, appeals from the trial court's order ruling that the residuary estate of John B. Sandstead (decedent) passed by intestacy. She also appeals the trial court's prior order requiring that she obtain the consent of decedent's son prior to disposing of or encumbering the property of the estate. We affirm.

At the outset, we note that we have jurisdiction to review an order which disposes of and is conclusive of certain controverted claims even though other aspects of the administration of an estate remain for disposition. *See In re Estate of Binford v. Gibson,* 839 P.2d 508 (Colo.App.1992).

John Sandstead died on December 26, 1991, leaving a formally executed and attested will dated September 21, 1982. He was survived by his wife Ferne and their son, Michael J. Sandstead. The record reflects that, before his death, decedent owned various real properties, mineral interests, bank

accounts, livestock, and machinery, as well as personal and household effects.

Article 3.00 of decedent's will states as follows:

I give all my personal and household effects, including automobiles, together with any insurance policies covering such property and claims under such policies in accordance with a memorandum which I intend to leave at my death. If for any reason no such memorandum is in existence at my death or if any such memorandum fails to dispose of all of such property effectively, I give such property, or the portion of it not effectively disposed of, to my wife, if she survives me ... If my wife does not so survive me, I give such property to my children....

Article 3.00 is silent as to the disposition of decedent's residuary estate.

Alternatively, Article 4.00 of decedent's will states:

In the event that my beloved wife, FERNE JOYCE SANDSTEAD, fails to survive me, then and in such event all the rest, residue and remainder of my property, real and personal, of every kind and description, and wheresoever situated, which I shall own at the time of my death, I give, devise and bequeath as follows:

1. To my Trustee, hereinafter named, I give for the following trust:

(a) All of my property I give in trust together with any other sums payable directly to my Trustee and said remainder shall subsequently be referred to as my "Trust Estate" and shall be administered as established herein.

2. My Trustee shall add my residuary estate to all benefits or assets payable to my Trustee by reason of my death, all of which constitute my Trust Estate.

Thus, Article 4.00 is based on the assumption that Ferne would predecease decedent, but neither that article nor any other portion of the will makes any express disposition of the residue of decedent's estate in the event Ferne did not predecease decedent.

In April 1992, Ferne filed an application for informal probate and informal appointment as personal representative. The appli-

cation was granted, the will was admitted to informal probate, and Ferne was appointed personal representative for the estate of decedent.

In August 1993, Michael petitioned the trial court to restrict Ferne's powers as personal representative and to admit the will to formal probate, alleging cause for such restriction. The trial court granted the petition, admitted the will to formal probate, and continued Ferne's appointment as the personal representative of decedent's estate.

However, the trial court also set forth 13 specific restrictions on Ferne's power to act as personal representative, including that she post a personal bond, that she file a complete inventory with appraisals, that she file a complete accounting of all her actions since the informal opening of the estate, that she file monthly statements of all receipts and expenditures, that she transfer all estate funds into a checking account separate from her own, and that she reconvey all real property previously conveyed out of the estate back into the estate. The court also restricted her authority as personal representative by ruling that she could not dispose of or encumber the property of the estate without Michael's consent or the court's authorization.

At the proceeding for construction of the will, Ferne argued that the doctrine of gift by implication should be applied to the will, claiming that Articles 3.00 and 4.00, read together, must be interpreted as the decedent's intention to leave all of his property to her if she survived him. In support of this position, the attorney who drafted the will testified that decedent had intended to leave all of his property to Ferne if she survived him, but admitted that he had failed to draft a will which effectively disposed of decedent's property according to his wishes.

Conversely, Michael maintained that Article 3.00 of decedent's will contained a specific bequest to Ferne of only the personal and household effects and that nothing in Article 4.00 implies that decedent intended to leave the residue of his estate to Ferne. Further, Michael argued that, since the will is silent as to the disposition of the residue of the estate

in the event that Ferne outlived decedent, the residue passed by intestacy.

Following this proceeding, the trial court entered an order concluding that the will was unambiguous, that the doctrine of gift by implication was inapplicable, and that, therefore, the residuary estate passed by intestacy. This appeal followed.

## I. Doctrine of Gift by Implication

Ferne first contends that the trial court erred in determining that the doctrine of gift by implication was inapplicable and that, thus, the residuary estate passed by intestacy. She maintains that the language used in the will, coupled with the testimony of the attorney who drafted it, plainly shows decedent's intention that all his property go to Ferne if she survived him. We disagree.

■ "The cardinal rule in construing a will is to ascertain the intent of the testator *from the will* itself and to give it effect." *In re Estate of Palizzi*, 854 P.2d 1256, 1259 (Colo. 1993) (emphasis in original). Although a will should be construed, if possible, to avoid partial intestacy, this principle will not permit courts to write into a will some provision clearly omitted by the testator. *In re Estate of White*, 39 Colo.App. 445, 566 P.2d 720 (1977).

■ Whether a will is ambiguous is a question of law for the court. *Cf. Horizon Joint Venture v. Horizon Partnership, Ltd.*, 791 P.2d 1223 (Colo.App.1990). Thus, when an unambiguous will is silent as to the disposition of certain property, the admission of extrinsic evidence of the testator's intent regarding such disposition is not permitted. *Estate of Dewson v. Smith*, 181 Colo. 189, 509 P.2d 311 (1973); *see also* 4 W. Bowe & D. Parker, *Page on the Law of Wills* § 33.58 (1995 Cum.Supp.) (absence of a residuary clause does not create an ambiguity which would justify use of extrinsic evidence to avoid intestate succession). We agree with the trial court that the will is unambiguous even though it is silent with respect to the disposition of decedent's property in the event that Ferne survived him.

■ A court may not give effect to a supposed intention of a testator which finds no expression in a will, but a court may give effect to an intention or purpose, indicated by implication, where the express language of the entire will manifests such an intention or purpose. However, gifts by implication are not favored in the law, and cannot rest upon conjecture. *Spathariotis v. Estate of Spathas*, 156 Colo. 131, 398 P.2d 39 (1964).

■ We agree with the trial court's determination that the doctrine of gift by implication is inapplicable in this case. In *Spathariotis*, the court held that gifts by implication will not be inferred from mere silence, but rather, must be founded on expressions in the will which lead to the inescapable inference of what the testator intended but failed adequately to express. *In re Estate of Bennett*, 789 P.2d 446 (Colo.App.1989).

■ Here, decedent made an explicit provision for disposition of all his property, including his residuary estate, in the event that his "beloved wife, Ferne...." did not survive him. Nevertheless, the will is silent regarding the disposition of his residuary estate for the contingency which did occur, *i.e.*, that Ferne did survive him. Further, a reading of the entire will itself does not make manifest that decedent's intention was to devise the residue of his estate to Ferne.

Under the circumstances presented here, we conclude that the trial court properly held that the doctrine of gift by implication is inapplicable.

## II. Disposition of Personal and Household Effects

Ferne next contends that the trial court erred in limiting the "personal and household effects" clause in Article 3.00 of the will to the decedent's tangible personal property. We reject this contention.

■ Here, as quoted above, Article 3.00 referenced a disposition of personal and household effects by an attached memorandum. In that regard, attached to decedent's will was a blank memorandum form titled "Memorandum Disposition of Tangible Personal Property of John B. Sandstead." The first paragraph of the memorandum stated that decedent intended the memorandum, if

executed, to dispose of his personal and household effects in accordance with the provisions of the Colorado statutory laws. *See* § 15–11–513, C.R.S. (1987 Repl.Vol. 6B) (allowing separate writing identifying bequests of "tangible property"). The memorandum attached to the will listed no property and was not signed.

Two other divisions of this court have concluded that, if a contemplated post-will memorandum disposing of certain items of personal property is not in existence at the time of the decedent's death, then the items of personal property sought to be transferred are limited to items of "tangible personal property" which could be disposed of by such memorandum pursuant to § 15–11–513, C.R.S. (1987 Repl.Vol. 6B). *In re Estate of Bennett, supra; In re Estate of Schmidt,* 638 P.2d 809 (Colo.App.1981). Further, " 'tangible personal property' under [§ 15–11–513, C.R.S. (1987 Repl.Vol. 6B) ] does not include money, evidence of indebtedness, documents of title, securities, and property used in trade or business." *In re Estate of Bennett, supra,* at 448.

Here, decedent expressly intended to dispose of his personal property and household effects either in accordance with the terms of a memorandum executed after his will or, in the absence of such a memorandum, to Ferne. The memorandum referenced in Article 3.00 of his will expressly indicated that he intended, in accord with § 15–11–513, C.R.S. (1987 Repl.Vol. 6B), to dispose of his "tangible personal property."

We find *Bennett* and *Schmidt* to be dispositive. Hence, the trial court properly concluded that Article 3.00 of decedent's will contained a specific bequest of only his tangible personal property.

### III. Order Restricting Personal Representative's Authority

Finally, Ferne contends that the trial court abused its discretion by requiring her, as personal representative, to obtain Michael's consent, or the court's authorization, before she could dispose of or encumber the property of the estate. Once again, we do not agree.

▮▮ Section 15–12–607, C.R.S. (1987 Repl.Vol. 6B) provides, in pertinent part:

On petition of any person who appears to have an interest in the estate, the court by temporary order may restrain a personal representative from performing specified acts of administration, disbursement, or distribution, or exercise of any powers or discharge of any duties of his [or her] office or make any other order to secure proper performance of his [or her] duty if it appears to the court that the personal representative otherwise may take some action which would jeopardize unreasonably the interest of the applicant or of some other interested person.

Further, § 15–12–611, C.R.S. (1987 Repl.Vol. 6B) allows a court to terminate a personal representative at any time for various reasons including mismanagement of the estate's assets or failure to perform any duty pertaining to the office.

Although no appellate decision has interpreted § 15–12–607, one commentator has suggested that a restraining order might be necessary if a personal representative were contemplating a questionable investment of the estate's assets or the purchase of a car for his or her use as personal representative. Bauer, *Termination of a Personal Representative,* 19 Colo.Law. 213 (February 1990).

▮▮ Here, the record reveals that Ferne treated the estate as her sole property, that she conveyed some of the real property of the estate to herself, that she commingled estate funds with her own, and that her attorney permitted such activity to continue. In addition, she had not prepared an inventory of the property in the estate, an accounting of her transactions as personal representative, or records of receipts and expenditures of the estate.

Of the 13 restrictions that the trial court placed on Ferne in her capacity as personal representative, all but one were duties normally imposed upon personal representatives. *See* § 15–12–701, et seq., C.R.S. (1987 Repl.Vol. 6B). Furthermore, the trial court's order requiring Ferne to obtain Michael's consent prior to disposing of or encumbering the assets of the estate was within the trial

court's discretion under § 15–12–607. Under these circumstances, we conclude that the trial court did not abuse its discretion in placing restrictions on Ferne in her capacity as personal representative of the estate.

Finally, we decline Michael's request that we award costs and attorney's fees under C.A.R. 38(d) and §§ 13–17–101 and 13–17–102, C.R.S. (1987 Repl.Vol. 6A) for the filing of a frivolous appeal. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo. 1993).

The orders are affirmed and the cause is remanded for further proceedings.

HUME and JONES, JJ., concur.