In the MATTER OF the TRUSTS CREATED BY John A. FERGUSON and John A. Ferguson and Karrie J. Ferguson, Settlors.

John F. PENNING, Jane S. Ahlbors, Debora Graefe, B. Timothy Sullivan, William Bosworth, Priscella Bosworth, Douglas B. Del Bosco, Dana Del Bosco, and Debora MacKimmie, Petitioners–Appellants,

v.

Donald A. FERGUSON, John A. Ferguson, III, Leslie F. David, John M. Ferguson, Jr., Karrie J. Ferguson, Arthur H. Bosworth, II, Mary Guiliano, and First Interstate Bank of Denver, N.A., Respondents–Appellees.

No. 95CA0910.

Colorado Court of Appeals,
Div. V.

Nov. 7, 1996.

Bailey Law Associates, P.C., Lakewood, for Petitioners–Appellants.

Treece Alfrey Musat & Bosworth, P.C., Arthur H. Bosworth, II, Blake K. Skinner, Denver, for Respondents–Appellees Donald A. Ferguson, John A. Ferguson, III, Leslie F. David, John M. Ferguson Jr., Karrie J. Ferguson, Arthur H. Bosworth, II, Mary Guiliano.

Sherman & Howard L.L.C., Leanne B. DeVos, Denver, for Respondent–Appellee First Interstate Bank of Denver, N.A.

Opinion by Judge MARQUEZ.

In this probate proceeding, John F. Penning, Jane S. Ahlborg, Debora Graefe, B. Timothy Sullivan, William Bosworth, Priscella Bosworth, Douglas B. Del Bosco, Dana Del Bosco, and Debora MacKimmie (petitioners) appeal the order of the probate court denying their petition to terminate a trust on a certain date. We affirm.

In 1923, John A. Ferguson (settlor) created a trust (the Trust) for the benefit of his wife, his three children and their descendants. In Article I of the Trust, the settlor stated that he created the Trust "for the maintenance and support of the beneficiaries hereunder, who are the wife and children of the founder, and their descendants." At the time the Trust was created, the settlor had three children, Loula Ferguson Bosworth, John A. Ferguson, Jr., and Elizabeth Ferguson, and two grandchildren, Arthur Ferguson Bosworth and Elizabeth Ferguson Bosworth.

Article III of the Trust, which governs its termination, provides in pertinent part:

The trust hereby created shall continue during the natural life of the founder, during the natural lives of Arthur Ferguson Bosworth and Elizabeth Ferguson Bosworth, children of Loula Ferguson Bosworth, and the survivor of them, and for and during a further period of twenty-one (21) years next ensuing after the death of the last surviving beneficiary named herein and now living.

In December 1994, First Interstate Bank of Denver, N.A. (Trustee), the trustee of the Trust since 1969, filed a petition for instructions in the probate court concerning the sale of a building in which the Trust held certain interests. Petitioners opposed the Trustee's petition for instructions and requested the probate court to terminate the Trust and distribute its proceeds, alleging that the Trust had terminated on July 18, 1993.

Petitioners argued that pursuant to Article III, the measuring life for purposes of termination can only be that of one of the two grandchildren, Arthur Ferguson Bosworth and Elizabeth Ferguson Bosworth, specifically named in Article III, and because the later surviving grandchild, Elizabeth Ferguson Bosworth, died in 1972, the Trust should terminate in 1993. The Trustee countered that the measuring life can be that of any of the last surviving beneficiaries named in Article I, and because one of these beneficiaries, the settlor's son John A. Ferguson, Jr., died in 1980, the Trust should terminate in 2001. Certain other beneficiaries of the Trust, included in this appeal as appellees, joined the Trustee in its allegation as to the termination date.

After a hearing, the probate court held that the Trust would terminate by its terms

on December 25, 2001. The probate court interpreted "last surviving beneficiary named herein and now living" in Article III as referring to the class of beneficiaries defined in Article I, *i.e.*, "the wife and children of the founder, and their descendants" who were alive in 1923. Therefore, the court found, any of the beneficiaries described in Article I could serve as the measuring life for purposes of termination of the Trust. The court rejected petitioners' contention that the trust terminated twenty-one years after the death of the last grandchild specifically named in Article III, reasoning that if the settlor had intended such result, he could have expressly stated that the Trust would terminate twenty-one years after the death of the last surviving grandchild.

I.

On appeal, petitioners contend that the court erroneously interpreted the Trust instrument. We disagree.

■ The interpretation of a written instrument, such as a trust, is a question of law. *Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App.1985).

■ In the interpretation of a trust, the intent of the settlor or testator must be given effect. *In re 1942 Gerald H. Lewis Trust*, 652 P.2d 1106 (Colo.App.1982).

■ If the settlor's or testator's intention is reflected in the document, then the document is unambiguous and a court will not consider extrinsic evidence to interpret it. If the language of the document does not clearly reflect the settlor's or testator's intent, extrinsic evidence may be examined to ascertain the meaning of the document. *In re Inter Vivos Trust Established by Turner*, 116 Idaho 913, 782 P.2d 36 (App.1989).

■ Whether a written document, such as a will or trust, is ambiguous is a question of law. *In re Estate of Sandstead*, 897 P.2d 883 (Colo.App.1995). Ambiguity may exist where a written instrument is susceptible to two meanings, or where there is uncertainty as to the meaning of a term. *Bledsoe v. Hill*, 747 P.2d 10 (Colo.App.1987).

■ Once a written instrument is determined to be ambiguous, the meaning of its terms generally is an issue of fact. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984). The trial court's resolution of a factual issue is binding on an appellate court if supported by the record. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

■ Here, the trust instrument is subject to at least two interpretations. The settlor's use of the term "herein" in Article III could be interpreted as referring to the survivor of the beneficiaries specifically named in Article III, *i.e.*, Arthur Ferguson Bosworth and Elizabeth Ferguson Bosworth, and the children of Loula Ferguson Bosworth. On the other hand, the term "herein" as used in Article III could refer to the entire Trust instrument.

We thus conclude that the trust instrument is ambiguous. Accordingly, the probate court properly considered extrinsic evidence and its determination, if supported by the record, is binding on appeal.

■ The probate court, after considering extrinsic evidence concerning the termination date of the trust, concluded that the settlor intended the trust to terminate twenty-one years after the death of the last surviving beneficiary named in the trust instrument and who was alive in 1923. The court reasoned that because the settlor referred to the offspring of all of his three children throughout the trust document, the settlor must have intended to terminate the trust twenty-one years after the death of the last of any of his children's offspring.

This interpretation gives effect to the settlor's intent of providing for his children and his children's children, whereas petitioners' construction would deprive the settlor's children of enjoying the benefits of the trust if they outlived the grandchildren.

The probate court's determination is supported by the record and, thus, is binding on review.

## II.

Petitioners contend that the Trustee's representations to three beneficiaries that the Trust would terminate in 1993 bind the Trustee either as an admission against interest or as an estoppel so as to entitle the three beneficiaries who relied on the representations to a distribution of their pro rata share of the Trust and a termination of their status as beneficiaries. We disagree.

As noted above, the interpretation of a written instrument, such as a trust, is a question of law. And, because the settlor's intent controls the interpretation of the Trust instrument, a trustee or beneficiary cannot vary the terms of a trust. *See Wells Fargo Bank v. Marshall,* 20 Cal.App.4th 447, 24 Cal.Rptr.2d 507 (1993) (in interpreting trusts, court must focus on intention of settlor, rather than intention of settlor's lawyer).

Therefore, the Trustee's representations here as to the termination date of the trust have no legal significance, and petitioners' claim that these representations form the basis of an estoppel or were admissions against interest was properly denied.

The order is affirmed.

RULAND and TAUBMAN, JJ., concur.